## WOODARD, ADMINISTRATRIX, *v.* DOBYZKOSKI.

[No. 5,157.   Filed February 24, 1905.]

1. APPEAL AND ERROR.—*Brief.*—*Appellate Court Rules.*—Where appellant fails to set out the evidence or to give a condensed recital thereof, and also fails to set out the alleged erroneous instructions, or give a concise statement thereof, no question is presented on the instructions or the sufficiency of the evidence.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Anton Dobyzkoski, by his next friend, against Hattie Woodard, as administratrix of the estate of Tullar J. Woodard, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Perry L. Turner* and *Miller, Drake & Hubbell,* for appellant.

*F. H. Dunnahoo, F. E. Osborn* and *Anderson, Du Shane & Crabill,* for appellee.

BLACK, J.—The appellee recovered judgment in his action against Tullan J. Woodard, who appealed. Upon motion made in this court before the submission of the

cause, the appellant, administrator of the estate of Tullan J. Woodard, deceased, was substituted as appellant. Counsel for the appellee insist that the appellant, in her brief, has failed to comply with subdivision five of rule twenty-two of this court. The only supposed error relied on by the appellant for the reversal is the overruling of the defendant's motion for a new trial. Thereunder the appellant has specified as errors the refusal of the court to give the jury an instruction asked by her intestate, designating it by its number; also the giving of certain instructions asked by the appellee, designating them by their numbers; also that the verdict was not sustained by sufficient evidence. In the brief of the appellant there is not "a condensed recital of the evidence in narrative form, so as to present the substance clearly and concisely," nor in any other form, and none of the instructions above mentioned are set out, nor is there a concise statement of the substance of any of these instructions. The appellant therefore has not complied sufficiently with the rule to require this court to review the alleged errors on which she relies.

Judgment affirmed.