## CAPITAL NATIONAL BANK v. WILKERSON, TRUSTEE.

[No. 5,443.    Filed November 28, 1905.]

1. COURTS.—*Jurisdiction.—Bankruptcy.—Receivership in State Court.—Conflict of Authority.*—Where a receiver for the assets of a private banker has been appointed by the state court, and such banker is afterwards adjudged an involuntary bankrupt, and a trustee appointed by the federal court, such trustee has the right to the property in the hands of such receiver, and such receiver has no further duty except to make a final report

of his doings to the time of the taking possession by such trustee, such federal court having exclusive jurisdiction after such adjudication. p. 553.

2. BANKRUPTCY. — *Sales.—Replevin.—State Courts.—Contempt.—Motion to Strike Out Pleadings.*—Where the defendant, a trustee in bankruptcy, had taken possession of certain personal property as belonging to the bankrupt and by order of the federal court had sold same, holding the proceeds for the benefit of plaintiff in case such property should be adjudged to belong to such plaintiff, a motion by plaintiff, in his action in the state court for the replevin of such property, to strike out defendant's pleadings for contempt of the state court in disposing of such property should be overruled. p. 554.

3. APPEAL AND ERROR.—*Depositions.—Motions to Strike Out and Suppress.—New Trial.—Independent Assignments.*—Motions to strike out and to suppress parts of depositions can not be assigned as error independently on appeal, but must be included in the motion for a new trial. p. 555.

4. SAME.—*Briefs.—Waiver.*—Alleged errors not discussed in appellant's brief on appeal are waived. p. 555.

5. SAME. — *Instructions. — Briefs. — Waiver.*—Where appellant fails to set out literally or substantially the alleged erroneous instructions, no questions thereon are presented. p. 556.

6. EVIDENCE. — *Bankruptcy. — Investigation of Bankrupt's Finances.*—Evidence tending to show that the plaintiff corporation's vice-president was investigating the debtor bankrupt's financial condition is admissible in an action in replevin brought by such corporation against such debtor's trustee in bankruptcy for goods transferred by such debtor to such corporation immediately before such debtor was declared a bankrupt, such trustee claiming such transfer to be an unlawful preference. p. 556.

7. APPEAL AND ERROR. — *Weighing Evidence.* — The Appellate Court will not weigh conflicting evidence in a replevin case. p. 557.

8. BANKRUPTCY.—*Insolvency.—Reasonable Cause to Believe.*—Where the person receiving a preference within four months prior to his debtor's adjudication of bankruptcy knew facts calculated to put an ordinarily prudent man upon inquiry and which if pursued would have led to the belief that such debtor was insolvent, such person is within the rule of "reasonable cause to believe" and his preference is unlawful. p. 557.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by the Capital National Bank against Alfred C.

Wilkerson as trustee in bankruptcy of the estate of James M. Key. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. W. Watkins,* for appellant.

*Lesh & Lesh,* for appellee.

MYERS, J.—This is an action in replevin brought by appellant in the Huntington Circuit Court, and on change of venue was tried in the Wabash Circuit Court. From a judgment in favor of appellee, appellant appeals, and in this court assigns various errors, which we shall hereafter consider.

The undisputed facts in this case, as we take them from the record, are: On August 3, 1901, appellant was doing a general banking business at Indianapolis, Indiana, and James M. Key was engaged in the business of banking at Andrews, Indiana, and was the owner of and in possession of certain property, consisting of bank furniture and fixtures, in use by him in carrying on his said business. On said day Key sold all of his said personal property to appellant, for which (the amount not stated in the bill of sale) he was to receive credit on his overdraft with appellant. On August 5, Alfred C. Wilkerson, appellee herein, was by the Huntington Circuit Court appointed receiver, and as such receiver took charge of all of Key's property, including the personal property mentioned in the bill of sale executed by Key to appellant, and while so in the possession of said property, on August 30, 1901, appellant began this action, claiming to be the owner of and lawfully entitled to the immediate possession of the same. On October 23, 1901, on petition by creditors, Key was, by the United States district court for the district of Indiana, duly adjudged a bankrupt, and such proceedings were thereafter had in said last-named court in said cause that on November 25, 1901, the same Alfred C. Wilkerson was duly appointed trustee of the bankrupt's estate, and qualified according to the provisions of the acts of congress relating

to bankruptcy. On March 12, 1902, Wilkerson was substituted as defendant, and this cause thereafter in the Wabash Circuit Court prosecuted by appellant against him as trustee. Appellant at no time took possession of the property. Thereafter proceedings were had in the Wabash Circuit Court resulting in a trial, finding and judgment for appellee. It further appears that appellee herein, under the orders and directions of the district court, and while appellant's suit was pending, sold and reduced the property in question to cash, and at the time of the trial had the proceeds thereof in his possession. It further appears that before the trial of this cause in the Wabash Circuit Court appellant moved to strike out all of the pleadings therein filed by appellee and to render judgment as upon default, for the reason that appellee in another forum had obtained leave, and, under that court's direction, had sold the property in controversy, thereby defeating any judgment which appellant might obtain. This motion was by the court overruled, and this ruling is here assigned as error.

When Key was adjudged an involuntary bankrupt, the United State district court for Indiana took jurisdiction of his estate, and the further administration thereof.

1. was wholly under the control of that court. Wilkerson, as receiver, under his appointment by the state court, could proceed no further, except to make a final report of his doings as receiver up to that time. By the action of the creditors of Key, Wilkerson became trustee of the bankrupt's estate, and thereby an officer of the district court, and subject to its orders and directions. *In re Ryan* (1872), 6 Nat. Bank. Reg. 235.

His powers and duties were limited and prescribed by the national bankruptcy law. By the act of 1898 (30 Stat. at Large, p. 564, §67e) it is provided: "That all conveyances, transfers, assignments, or encumbrances of his property, or any part thereof, made or given by a person ad-

judged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of a petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void, * * * and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution, * * * be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors." By the same act (30 Stat. at Large, p. 557 §47a [2]) he is required to "collect and reduce to money the property of the estates, for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest." So it would seem that the district court by operation of law took jurisdiction of the subject-matter, as well as the person who had possession of the property in controversy. Appellee as trustee, upon his appointment, in effect became the owner of the bankrupt's property, except that part exempt under the state law, as of the date of the adjudication in bankruptcy, subject to the orders of the court, and represented the creditors of such bankrupt in the collection, preservation and disposition of such property, to the effect that their interest might be preserved and their claims paid. 5 Cyc. Law and Proc., 339, 342; *In re Campbell* (1877), 17 Nat. Bank. Reg. 4, 14; *Leighton* v. *Harwood* (1872), 111 Mass. 67, 15 Am. Rep. 4.

In the case at bar appellant is claiming to be the owner of certain personal property from August 3, 1901. This claim was denied by the trustee by an answer in general denial, and by an affirmative answer based upon §60b of said bankruptcy law (30 Stat. at Large, p. 562), which provides: "If a bankrupt shall have

given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." From the motion upon which this error is predicated it will be observed that the referee's final order directing the trustee to sell the property then in controversy also adjudged that all rights of appellant thereto, if any, be transferred to the proceeds, and that such proceeds be held by the trustee until the rights of appellant were determined. Under the facts here appearing, the law governing appellee's action in the premises was not such as to warrant the court in striking out his pleadings as and for contempt of court in any manner or form known to the law, and there was no error in the court's ruling.

Appellant assigns error on the ruling of the court on its motion to strike out and suppress certain questions and answers in the deposition of James Hodge. By this 3. assignment no question is presented. Such ruling is presented only by a motion for a new trial. *Burnett* v. *Milnes* (1897), 148 Ind. 230, 236; *National Bank & Loan Co.* v. *Dunn* (1886), 106 Ind. 110; *Port Huron Engine, etc., Co.* v. *Smith* (1898), 21 Ind. App. 233.

Appellant insists that the court erred in overruling its motion for a new trial. In appellant's motion for a new trial a number of causes are assigned, but by failure 4. to refer to them in its brief all are waived except such as arise (1) on instructions seven, eight, nine and eleven given by the court on its own motion, (2) on the ruling of the court on a motion to suppress and strike out certain questions and answers in the deposition of James Hodge, and (3) on the sufficiency of the evidence to sustain the verdict.

(1) As to the first cause stated, we are not advised by appellant in its brief where in the record the instructions complained of may be found, nor does the brief set out the substance or a copy of such instructions. Therefore, under the rules and decisions of the Supreme and this Court, the alleged errors are not presented for review. *Burnett* v. *Milnes, supra,* and cases cited; *Woodard* v. *Dobyzkoski* (1905), 34 Ind. App. 658. However, we have searched the record, and carefully considered these instructions, and appellant has no cause of complaint from this source.

(2) Referring to the second cause here mentioned, the court committed no error in overruling appellant's motion to strike out certain questions and answers in the deposition of Hodge. It is true that if the deposition was to be considered without reference to any of the other legal evidence given in the cause, some of the questions and answers might be of doubtful relevancy to the issues, but when considered with the other evidence it became pertinent to the issues, and the court correctly ruled the evidence admissible. Key was largely indebted to appellant at the time it wrote the letter to Paddock-Hodge & Company, Toledo, Ohio, July 27, 1901, making inquiry as to the financial responsibility of Key, and asking that they confirm the representation of Key as to his being the owner of one-third of an elevator at Andrews, Indiana. On July 29 it appears that Paddock-Hodge & Company answered this letter, addressing the letter to O. W. Packard, vice-president, stating that they knew nothing as to Key's financial standing, and that he had no interest whatever in the elevator or in the business their firm was conducting in Andrews. It further appears from the deposition of Hodge that on August 2 Packard and Key were in Toledo, Ohio, and Packard was again told by the witness, in the presence of Key, that Key had no interest in the elevator or business in which they were engaged at

Andrews, Indiana, and this statement was not denied by Key. Also as a result of their conference, it was agreed that Packard and Key were to return to Andrews and Packard was to have full access to the books and papers relative to the banking business of Key, and if, upon examination of these books and papers, Packard would report to Paddock-Hodge & Company that, in his judgment, Key was solvent and entitled to credit, Paddock-Hodge & Company would deposit in Key's bank $3,000, and "keep it good all of the time," for the purpose of conducting their elevator business at that point and that Packard made no report. It is also in evidence that Packard was at Andrews on the following day, and at that time took the bill of sale to the property mentioned in the complaint. It also appears in the evidence that the property of Key other than the property mentioned in the bill of sale was only of the value of $300, and that his indebtedness other than that due to appellant was about $7,000. The evidence of Hodge was certainly admissible as tending to show that appellant, by its vice-president, was investigating the financial standing of Key immediately prior to and continuously up to the time the bill of sale was executed, and was proper evidence to go to the jury under the issue tendered by appellee's second paragraph of answer.

(3) There is evidence in the record sustaining the verdict of the jury. This being true, we would not be justified in disturbing the judgment. We have already referred to certain evidence in the record, and by no means all from which inferences might be drawn in support of the jury's action. It is the law that a creditor of an insolvent debtor, who, charged with receiving a preference within four months prior to the adjudication in bankruptcy, has knowledge of some fact or facts, at the time of receiving the preference, calculated to put a prudent man upon inquiry, which if pursued, would lead to the belief that the debtor was insolvent, is

within the rule of "reasonable cause to believe," although he may not have absolute knowledge of the ultimate fact. *In re Jacobs* (1899), 1 Am. Bank. Rep. 518, 1 Nat. Bank. News 183.

Judgment affirmed.