No. 12,130.

## THE STATE, EX REL. ROWE, *v.* BRITTON.

GUARDIAN AND WARD.—*Defective Bond.*—*Omission of Penalty.*—A guardian's bond is valid and enforceable although no penalty is named therein.

SAME.—*Failure to Approve Bond.*—The bond of a guardian is not invalidated by a failure to approve it.

SAME.—*Mistake.*—*Pleading.*—A complaint which shows a mere mistake of law is not good; in order to be good it must contain allegations showing a mistake of fact.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellant.

*J. M. Thompson, W. B. Herod* and *W. H. Thompson,* for appellee.

ELLIOTT, J.—The bond upon which the relator's complaint is based reads thus: "We, Edward G. Rowe and William Britton, are bound unto the State of Indiana in the sum of ———— dollars, for the payment of which we bind ourselves, jointly and severally, firmly by these presents. Sealed and dated this 4th day of October, 1873.

"If the above bound Edward G. Rowe will faithfully discharge his duties as guardian of the person and property of Henry Rowe, Mary L. Rowe, Edward G. Rowe and John

R. Rowe, minor heirs of Mary Rowe, deceased, then the above obligation is to be void, else to remain in force."

It will be observed that there is no penalty stated in the bond, and this it is contended by the appellee renders it ineffective. The relator, on the other hand, contends that the bond is not invalid, but that the principal and sureties are bound to the extent contemplated by the law.

Section 4 of the act "touching the relation of guardian and ward," in force at the time the bond was executed, required of the guardian a bond; and section 5 provided that "Such guardian's bond shall not be void on account of any informality, illegality, or defect, either formal or substantial, in the same, nor on account of any defect, informality, or illegality in the appointment of such guardian; but shall have the same force and effect as if such appointment had been legally made, and such bond legally executed." 2 R. S. 1876, p. 588. This statute is as broad and comprehensive as it was possible for the Legislature to make it, and it makes all bonds effective no matter what omissions are found to exist. It holds sureties liable for the faithful discharge of the duties of the guardian, and makes them responsible for losses arising from a breach of duty. The omission of the penalty does not invalidate the bond; notwithstanding its omission the bond still holds the surety responsible for the acts of the guardian. The failure to prescribe the penalty leaves the surety's liability to be ascertained by determining the duty of the guardian and the loss resulting from the failure to perform it. The failure to name the penalty does not avoid the bond; it simply leaves the measurement of the recovery to be ascertained by finding the loss resulting from the failure to perform the duties enjoined by law. As there is no penalty named, there is no limit to the responsibility or to the amount of the recovery, except that it can not exceed that contemplated by law, and that is ascertained by looking to the statute and by ascertaining the property of the wards with which the guardian is chargeable.

The law is a silent factor in every contract. It is an element that can not always be excluded, and can never be excluded without express words. But here the case is peculiarly strong. The law expressly provides that no defect shall avoid the bond, but that, whatever its terms, it shall secure the performance of the duties imposed upon the guardian. Thus speaks the statute in plain terms, and we can do no less than give effect to its provisions. By omitting to name the penalty the guardian was not relieved from any duty, nor the surety from any responsibility, for the law defines the duty, and the surety undertakes that it shall be performed. This is the plain declaration of the statute, and the omission to make the bond perfect in all its parts can not defeat this statute. *Yeakle* v. *Winters*, 60 Ind. 554.

Parties are held to contract with reference to the law. *State, ex rel.*, v. *Berg*, 50 Ind. 496. The appellee must, therefore, be deemed to have contracted with reference to this statute, and can not escape its force upon the ground that he did not execute a perfect bond. As he did not execute a bond perfect in all its parts, he left it to the law to supply its imperfections, so as to make it effective for the purpose for which it was intended. As the bond is not perfect and complete, the law enters and remedies all defects. *Stevenson* v. *State, ex rel.*, 71 Ind. 52, auth. p. 57. The statute quoted is specially directed to such a case as this, and covers it on all sides; consequently there is no necessity for examining other statutes.

The failure to approve the bond did not invalidate it. Having accomplished the purpose it was intended to accomplish, and the parties having secured the consideration upon which it was founded, it is not rendered ineffective by the failure to formally approve it. *Smock* v. *Harrison*, 74 Ind. 348; *Jones* v. *Droneberger*, 23 Ind. 74; *Railsback* v. *Greve*, 58 Ind. 72; *Easter* v. *Acklemire*, 81 Ind. 163.

It is not necessary to examine or determine what the effect of the statute would be if a penalty had been stated, for, as there is no penalty named, the statute is let in, and the amount

of the recovery is to be ascertained by its provisions. These we are to look to for the duties of the guardian and the measure of the liability of the surety, and the facts stated in the complaint show the loss resulting from a failure to perform those duties.

It results from what we have said that the first paragraph is good, and that the court erred in sustaining the demurrer to it.

The second paragraph proceeds upon the theory that there is a mistake in the bond. It is not good upon this theory, and, therefore, not good at all. *Western U. Tel. Co.* v. *Reed,* 96 Ind. 195 ; *Cottrell* v. *Ætna L. Ins. Co.,* 97 Ind. 311 ; *City of Logansport* v. *Uhl,* 99 Ind. 531 (50 Am. R. 109). It is not good, for the reason that it does not show a mistake of fact ; for aught that appears the mistake was one of law. It is not good for another reason ; it does not state such facts as show a contract between the parties and a mistake in committing it to writing.

Judgment reversed, with instructions to overrule the demurrer to the first paragraph of the complaint.

