Sullivan *et al. v.* The State, *ex rel.* Langsdale, Administratrix.

No. 15,104.

SULLIVAN ET AL. *v.* THE STATE, EX REL. LANGSDALE, ADMINISTRATRIX.

COUNTY CLERK.—*Bond.*—*Breach of.*—*Sufficiency of Complaint.*—The official bond of a county clerk provided, among other things, that he should faithfully discharge the duties of said office of clerk of the court of said county, and should pay over to the person or persons entitled to the same all money that might come into his hands as such. A complaint for damages by reason of the breach of said bond states a good cause of action where it alleges that trust-money was paid into the hands of said clerk, who was required by the order of the circuit court to keep and hold said money in trust, subject to the further order of the court; but that in disregard of such order the clerk lavishly spent and wasted said money, and has resigned his office and fled to parts unknown, and is a fugitive from justice, leaving no money in the office of the clerk of said circuit court and of said county, and leaving no money subject to the order of said circuit court.

SAME.—*Trust Funds.*—*Agreement in Relation to.*—*Order of Court.*—*Clerk's Liability.*—Where the circuit court made an order that certain money paid into the hands of the clerk of said court should be kept and held by him in trust, subject to the further order of the court, the administratrix of the estate to which said money belonged, and said clerk, could not make any agreement changing the effect of the order, and relieving the clerk from liability under it.

SAME.—*Release of Surety.*—*County Commissioners.*—The board of county commissioners are only empowered to accept the original bonds of county clerks, and the other officers named in an act of the General Assembly, passed and approved Dec. 18th, 1851, and said board have no authority to accept new bonds whereby sureties on the original bonds are released. The only way in which a surety on the official bond of a county clerk can obtain his release is by following strictly the mode prescribed for securing such release by an act of the General Assembly, approved May 31, 1852.

From the Marion Superior Court.

*J. A. Holman, J. S. Duncan* and *C. W. Smith,* for appellants.

*R. Denny* and *J. R. McFee,* for appellee.

OLDS, J.—This action was brought by the relatrix, Eliza-

beth Langsdale, administratrix *de bonis non*, with the will annexed, of the estate of Mary Ferrell, deceased, against John E. Sullivan, James B. Conaty, William K. Sproule and Daniel Burton, on the official bond of John E. Sullivan, clerk of the circuit court of Marion county. The defendants named in the complaint, other than Sullivan, were sureties on the bond.

Defendant Burton filed a separate demurrer to the complaint for want of sufficient facts, which was overruled and exceptions taken. Burton then answered by general denial and three special paragraphs. Plaintiff filed a demurrer to each of the special paragraphs. The demurrer was sustained to each paragraph and exceptions taken. Burton then withdrew his answer in general denial and refused to plead further. The other defendants answered by general denial. The cause was then submitted to the court, and trial had, resulting in a finding and judgment against all of the defendants.

Burton made a motion to modify the judgment, which was overruled and exceptions reserved. Burton appeals, the other defendants refusing to join. Errors are assigned as to these rulings of the court.

Omitting the caption the complaint is as follows :

" 'The State of Indiana, on the relation of Elizabeth Langsdale, administratrix *de bonis non*, with the will annexed, of the estate of Mary Ferrell, deceased, complains of said defendants, John E. Sullivan, William K. Sproule, James Renihan, James B. Conaty, and Daniel Burton, and says that prior to the 9th day of November, A. D. 1886, the said defendant, John E. Sullivan, was duly elected clerk of the circuit court in and for Marion county, in the State of Indiana, and on said day was qualified, according to law, and entered upon his duties as such ; that on said 9th day of November, A. D. 1886, he executed his bond, according to law, with said William K. Sproule, James Renihan, James B. Conaty, and Daniel Burton as sureties, which was duly filed

and approved by the board of commissioners of said county according to law (a copy of said bond is herewith filed, marked "Exhibit A," and is made a part hereof); that the said bond conditioned, among other things, that said John E. Sullivan ' shall faithfully discharge the duties of said office of clerk of the circuit court in and for Marion county, and shall pay over to the person or persons entitled to the same all money that may come into his hands.' But the plaintiff says that the said John E. Sullivan has not discharged his said duties as such clerk faithfully and according to law, and can not and will not pay over to the person or persons entitled thereto certain money in his hands, but has failed in this, to wit: Pursuant to an order of the Marion Circuit Court, duly entered of record in Order-Book No. 82, page 3, a certain Levi Thomas, then executor of the last will of Mary Ferrell, deceased, paid over to the defendant John E. Sullivan, then the clerk of the Circuit Court of Marion county aforesaid, as such clerk and in trust, the following sums of money belonging to the estate of said Mary Ferrell, deceased, that is to say:

On the 24th day of December, 1887, the sum of . $2,500 00
On the 16th day of January, 1888, the sum of .    150 00
On the 13th day of April, 1888, the sum of . .    621 57

Total . . . . . . . . . . . . . . . . . . $3,271 57

"All of said money the said John E. Sullivan, as such clerk, was required by the order of said circuit court of Marion county to keep and hold in trust, subject to the further order of the court; but plaintiff avers and charges that said John E. Sullivan has not so kept and held said money, but has squandered the same and every part thereof, and has fled to parts unknown to the plaintiff; that he is now a fugitive from justice; that he has resigned his office as such clerk, leaving no money in the office of the clerk of said circuit court and of Marion county, and leaving no money subject to the order of said circuit court, but is a defaulter as to the

whole amount of said trust fund ; and that by reason of said wrongful and unlawful acts of said John E. Sullivan the said estate and said Elizabeth Langsdale, as administratrix as aforesaid thereof, has been injured and damaged in the sum of seven thousand dollars. Wherefore plaintiff demands judgment against the defendants for seven thousand dollars ($7,000), and all other proper relief.

" ROBERT DENNY,

" JNO. R. MCFEE,

" *Attorneys for Plaintiff.*"

" PLAINTIFF'S ' EXHIBIT A.'

"*Know all men by these presents :* That we, John E. Sullivan, William K. Sproule, James Renihan, James B. Conaty and Daniel Burton are bound unto the State of Indiana, in the penal sum of $25,000 (twenty-five thousand dollars), to the payment of which we bind ourselves, our heirs, assigns, executors and administrators.

" The conditions of the above bond are such that whereas the above bound, John E. Sullivan, has been elected clerk of the circuit court in and for the county of Marion, State of Indiana, for a term of four years, and is about to enter upon the duties of such office. Now, if said John E. Sullivan shall faithfully discharge the duties of said office of clerk of the circuit court in and for said county of Marion, and shall pay over to the person or persons entitled to the same all money that may come into his hands as such clerk, then this bond shall be void, otherwise to remain in full force and effect.

" Witness our hands and seals this 9th day of November, 1886.

| | |
|---|---|
| [SEAL.] | " JOHN E. SULLIVAN. |
| [SEAL.] | " WILLIAM K. SPROULE. |
| [SEAL.] | " JAMES RENIHAN. |
| [SEAL.] | " JAMES B. CONATY. |
| [SEAL.] | " DANIEL BURTON." |

It is urged as against the sufficiency of the complaint that the complaint avers that Levi Thomas, the predecessor of the relatrix in the trust of the administration of the estate of Mary Ferrell, deceased, paid into the hands of John E. Sullivan, as clerk, the money which he had in his hands belonging to said estate, amounting in the aggregate to $3,-271.57, in pursuance of an order of court, to be held by him, as such clerk, in trust until the further order of the court, and that said Sullivan has not kept and held said money, but has squandered the same and every part thereof, and has fled to parts unknown to the plaintiff, leaving no money in the office of the clerk of said court, and leaving no money subject to the order of said court, and that conceding that the complaint shows a breach of the bond, it shows no right of action whatever in the relatrix; that until the court made an order for the payment of the money so deposited to her she could not demand its payment.

The conditions of the bond are, that John E. Sullivan " shall faithfully discharge the duties of said office of clerk of the circuit court in and for said county of Marion, and shall pay over to the person or persons entitled to the same all money that may come into his hands as such clerk."

The order of the court in regard to the money deposited with him, as stated in the complaint, is that he should keep and hold it in trust subject to the further order of the court. The complaint avers, in effect, that a breach of the bond has occurred by reason of Sullivan's failure to faithfully discharge his duties as clerk, and keep and hold the money in accordance with the order of the court; that on the contrary, he has lavishly spent and wasted it, and has resigned his office and fled to parts unknown, and is a fugitive from justice. The allegations of the complaint show a sufficient breach of the bond, in that he failed to discharge his duty and keep the money in accordance with the order of the court, and he has spent and wasted the money so that he can not pay it over or comply with the order of the court, if an or-

der was made for him to do so, to entitle a recovery by a party injured by such breach.   The complaint is not to recover the money, but damages accruing .by reason of the breach of the bond, and it is shown by the averments that the money was the property of the estate of which the relatrix is administratrix, and whatever damages the estate has sustained by the breach of the bond alleged she has a right to recover.

We are cited, by counsel for appellant, to the case of *Ferguson* v. *State, ex rel.,* 90 Ind. 38, in support of their position as to the insufficiency of the complaint.; but that case differs very materially from this; in that case the breach of the commissioner's bond alleged was that he had failed to pay over the money in accordance with the finding and judgment of the court in the action for partition ; in that case the right to recover on the bond was based on the order and judgment of the court.

The complaint in this case is based upon an entirely different theory, and is sufficient to withstand a demurrer, and there was no error in overruling the demurrer to it.

The next question presented is the alleged error in sustaining the demurrer to the second and third paragraphs of answer.

These two paragraphs are substantially the same ; they allege that after the appointment of the relatrix as administratrix of the estate, Sullivan offered to pay her the money, but that instead of receiving the money she and Sullivan agreed that Sullivan should retain the money and pay interest upon the same while he held it.   Prior to such alleged agreement the court had made an order, as alleged in the complaint, in regard to the money, and this agreement was in violation of such order of the court ; both the administratrix and the clerk were subject to the order of the court, and were bound and controlled by its orders as to such funds. And it is clearly manifest that after the court made the order the administratrix and the clerk could not make any agree-

ment changing the effect of the order, and relieving the clerk from liability under it. These answers did not state a defence, and the demurrer was properly sustained.

This brings us to the question presented by the sustaining of the demurrer to the fourth paragraph of answer, and the principal question in the case.

The fourth paragraph of the answer alleges that after the execution of the bond, on the 15th day of June, 1887, defendant Burton became unwilling to longer continue as surety on said bond, and so informed Sullivan, the principal, and all his co-sureties on said bond, and thereupon Sullivan notified Burton that he would not take any hostile steps to prevent his release, as he was willing and able to give a new bond to the satisfaction of the board of commissioners of Marion county, and said Sullivan and the co-sureties of Burton entered into a written agreement that he should be released from further liability from and after the 15th day of June, 1887, and that the bond should be continued in full force, which agreement is as follows:

" We, John E. Sullivan, clerk of the circuit court of Marion county, State of Indiana, and James Renihan, James B. Conaty and William K. Sproule, sureties on the bond of said Sullivan as clerk of said county, hereby consent that Daniel Burton, one of the sureties on said bond, be released from any further liability on said bond from and after the 15th day of June, 1887, and in consideration of his release as one of the sureties on said bond, we, and each of us, agree that said bond from and after said 15th of June, 1887, shall, as to us, and each of us, be continued in full force and effect the same as if it had never been signed by said Daniel Burton.

" In witness whereof we hereunto set our hands and seals this, the 15th day of June, 1887.

|  |  |
|---|---|
| [SEAL.] | " JOHN E. SULLIVAN, |
| [SEAL.] | " WILLIAM K. SPROULE, |
| [SEAL.] | " JAMES B. CONATY, |
| [SEAL.] | " JAMES RENIHAN." |

The agreement was duly acknowledged before a notary public, and thereupon said Burton and Sullivan, the principal, and the other sureties upon the bond, went before the board of commissioners of Marion county, and the said board heard the matter in controversy and entered up an order releasing the said Burton from further liability as surety, and accepting the said bond with the other sureties, and continuing it in force, and it is alleged that if any of the funds so received by Sullivan were converted to his own use it occurred subsequently to such release of Burton.

We need not consider the question as to the form of the order made by the board.

The question presented is as to the authority of the board of commissioners in such a case to release a surety and accept a new bond.

By section 40, chapter 38, R. S. 1843, it is provided that the clerk of the circuit court shall give bond, payable to the State of Indiana, in the penal sum of $10,000, with two or more sureties, to be approved by the associate judges of his county, or if there be not two associate judges in office by the president judge of the circuit. Other sections provide that persons other than sureties might require new bond, and what proceedings should be had, and the effect of the new bond, also the manner in which sureties could compel the release. And sections 133 and 134, R. S. 1843, p. 115, are as follows:

"Section 133. Whenever any sureties wish to be discharged from remaining as such, for any State or county officer, executor or administrator, they and such officer may procure the same to be done, if such officer will file a new bond, with sufficient sureties, in like form and penalty, and with like conditions as the original bond of such officer, to be approved and filed as such original bond.

"Section 134. Upon the filing and approval of such new bond, such first sureties shall be exonerated from all further liability accruing thereafter; but their bond shall remain in

full force as to all liabilities incurred previous to the approval of such new bond."

An act was passed and approved December 18th, 1851, which is still in force, and section 1, being section 5536, R. S. 1881, reads as follows:

" SECTION 1. *Be it enacted by the General Assembly of the State of Indiana:* That the duties heretofore devolving upon associate judges of the circuit court, in the approval of the official bonds of sheriffs, coroners, county recorders, and clerks of the circuit courts, shall hereafter devolve upon and be performed by the board of commissioners of the proper county; and that said board of commissioners, or a majority of the members thereof, shall, whenever an official bond is required to be approved, meet at the office of the auditor of the county, either in term time or in vacation, without any precept having been issued for that purpose, and approve the sureties thereto, if sufficient; which such approval shall be endorsed on said bond, and signed by said county commissioners, or a majority of them."

It is contended that section 1, of the act of 1851, continued all the old sections of the statute of 1843, in relation to the approval of bonds and release of surety in force, particularly that it continued sections 133 and 134 herein set out in force, by the provisions of which, if the surety desired to be released, the principal could execute a new bond, and the parties could present the same and have it approved the same as the first, and the sureties should become exonerated from further liability.

Unless this position assumed by counsel for appellant can be maintained, then the answer is clearly bad, for it is not contended, and can not be maintained, but that unless the surety is released in accordance with some statutory provision he is bound, as a party on becoming surety on an official bond is bound, to the end of the term, unless there is a statute providing for his release, and he pursues such statutory remedy and obtains a release.

We do not think the theory of counsel for appellant is correct. At the same session of the legislature at which section 5536, R. S. 1881, was passed, there was also passed section 242, R. S. 1881, which repealed all laws not passed at that session, except certain laws enumerated.

The original act, approved December 18, 1851, as it appears in the acts of that session, had a preamble to it which is as follows: " Whereas, by the adoption of the present constitution of this State, the office of associate judge of the circuit court is abolished, by means whereof there is no provision by law for the approval of the official bonds of the officers hereinafter mentioned ; and, whereas, in consequence thereof, an emergency exists that this act shall take effect," etc.; at the same session of the General Assembly there was an act passed providing the manner by which sureties could be released and the officer required to execute a new bond.

It is evident, as it seems to us, that the object of the act approved December 18, 1851, was to provide for the approval of the original bonds of the officers, and that the only relief intended to be given to sureties to terminate their liability, and require them to give new bonds, was such as is prescribed in the act approved May 31, 1852, 1 R. S. 1852, p. 163, and that all laws not enacted at that session, including sections 133 and 134, R. S. 1843, were repealed, and the act approved December 18, 1851, conferred power on the board of commissioners to approve original bonds, but no authority to accept new bonds, whereby sureties are released, and there seems to be no emergency for placing any such construction upon it, for at the same session an act was passed, which we have referred to, approved May 31, 1852, giving to sureties an ample remedy whereby they might obtain a release and terminate their liability ; and the act is made to apply as well to sureties on the bond of a clerk as other officers, and provides that when a release is asked from his bond the auditor shall discharge the duties required of the clerk in such applications. It is contended that the rem-

edy prescribed contemplates a compulsory proceeding, and not a case where the officer is willing to give the new bond. The remedy prescribed includes all classes. The circuit court is a court of general jurisdiction, and jurisdiction is specifically conferred in these proceedings. Manifestly if the parties are friendly, and the surety is desirous of being released and the officer willing to execute a new bond, the application may be filed by the surety, and the officer appear to it and waive service and file a new bond and have it approved and a proper record and the judgment entered, and it would be as binding and effectual as if they were antagonistic toward each other and summons was required to be served. The remedy is as ample and complete under the new statute as under the old.

The conclusion we reach is, that the board of commissioners are only empowered to accept the original bonds of the officers, and have no authority to accept new bonds whereby sureties on the original bonds are released, and that the proceedings had before the board of commissioners for the release of Burton are without authority and void, and did not release the defendant Burton from liability on the bond. It follows, from this conclusion, that the fourth paragraph of answer is insufficient, and the demurrer was properly sustained.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Dec. 20, 1889.