## THE JEFFERSONVILLE WATER SUPPLY COMPANY v. RITER ET AL.

[No. 18,003.    Filed January 7, 1897.]

MECHANIC'S LIEN.—*Notice.*—A notice of intention to hold a mechanic's lien is not invalid for failure to specify when the work was done, or material furnished.

SAME.— *Notice.*—*Contents Of.*— Under the statute providing for a mechanic's lien, the notice thereof is sufficient when it states the amount due, to whom, from whom, and for what, and describes the premises; and such notice may be signed through the agency of an attorney.

PRACTICE.—*Harmless Error.*—Sustaining a demurrer to a paragraph of answer alleging facts which could have been proven, so far as the same were competent, under the general denial is harmless error.

SAME.—*Admission of Evidence Under General Denial.*—The defendant, under the general denial, is not confined to negative proof in denial of the facts stated in the complaint, but may introduce proof of facts, independent of those alleged in the complaint and inconsistent therewith.

From the Floyd Circuit Court. *Affirmed.*

A. *Dowling*, for appellant.

S. S. *Johnson* and *Voigt & Stotsenburg*, for appellees.

JORDAN, C. J.—Appellees brought this action to foreclose a mechanic's lien upon a claim due them for the erection of a standpipe. This is the second appeal

to this court. See the *Jeffersonville Water Supply Co.* v. *Riter*, 138 Ind. 170. After the cause was remanded to the lower court by the order in the former appeal, appellees filed an amended complaint, and under the issues joined thereunder, a trial resulted in a finding that there was due to plaintiffs (now appellees) the sum of $6,000.00 and over. Judgment foreclosing the lien in controversy was awarded in their favor. The evidence has not been certified to this court, and a reversal of the judgment is sought by the appellant upon alleged errors of the trial court upon its rulings on demurrers to the pleadings.

The amended complaint *inter alia* substantially alleges that Samuel R. Bullock, on April 6, 1888, was the owner in fee-simple of certain real estate, described in the complaint, situated in the town of Port Fulton, in Clarke county, Indiana, and that his deed for said realty was at, and prior to said date of record in the recorder's office of said county; that on said 6th day of April, he and plaintiffs entered into a written contract whereby they agreed to furnish material for and erect a standpipe on said real estate for the sum of $7,900.00. Said pipe to be used in connection with the water works system then being built for the city of Jeffersonville. A copy of the contract is filed with the complaint. It further avers that on April 10, 1888, plaintiffs commenced the work of building and erecting the standpipe and furnishing material for the same, and on July 30, 1888, had it ready to be placed upon said real estate; and the building of said pipe thereon was completed on December 1, 1888, and on December 4, 1888, within sixty days after the material was furnished and the work thereon completed, the plaintiffs filed in the recorder's office of said county, a notice of their intention to hold a lien upon said property for the amount due upon their claim.

A copy of this notice is filed with the complaint. That on April 21, 1888, said Bullock and his wife conveyed said real estate to the defendant, the Jeffersonville Water Supply Company, and that it is now the owner thereof, and is using and operating said standpipe; that plaintiffs had no knowledge of said conveyance by Bullock until after the completion of said work, and that said defendant withheld its said deed from record until August 20, 1888, being long after the plaintiffs had commenced the work of erecting the standpipe; that on the date last mentioned said company caused said deed to be recorded in the recorder's office of said county. Partial payments made by Bullock are averred, and judgment is demanded for a foreclosure of the lien.

After unsuccessfully demurring to this complaint, appellant filed its answer in six paragraphs. The first was a general denial. Second, payment. The third alleged that before the execution of the contract between Bullock and plaintiffs, as alleged in the complaint, it had contracted with said Bullock to construct a system of water works at the city of Jeffersonville, in Clarke county, Indiana, and as a part of said contract, Bullock was to furnish, at his own expense, land for the location of the standpipe, etc. That in pursuance of said contract Bullock purchased the real estate mentioned in the complaint, and thereafter caused to be erected thereon the standpipe mentioned; that he held said land in his own name, in trust, for said company; that on April 21, 1888, before plaintiffs had performed any labor or furnished any material for the standpipe, Bullock conveyed the legal title of said real estate to defendant. Open possession of the land by defendant is averred, and that plaintiffs thereby had notice that the company was the equitable owner of said real estate.

The fourth paragraph is similar to the third, but proceeds more fully and specifically upon the theory that the company had let a contract to Bullock to construct the standpipe and to purchase and furnish the ground for its location, and that plaintiffs in furnishing the material and doing the work, as alleged in the complaint, were but sub-contractors, under Bullock, and that as such they had failed to notify the defendant that they were furnishing said material and doing said work as such contractors, and that they would look to it for payment.

The fifth and sixth paragraphs, as outlined by the facts, proceed also upon the theory that the company had let the contract to Bullock to furnish the ground and erect the standpipe, of which the plaintiffs had notice, and that the latter were only sub-contractors, and that they had failed and neglected to give notice to said company that they were furnishing the material and doing the work mentioned in the complaint as such contractors, etc. A demurrer was sustained to the third, fourth, fifth and sixth paragraphs of the answer.

The first insistence, upon the part of appellant, is that the complaint is not sufficient to withstand a demurrer. The amended complaint is substantially the same, except as improved by the amendment, as the one held to be sufficient upon the former appeal. Its sufficiency, therefore, must be deemed settled by that decision. It is further urged, however, that the notice which appellees filed of their intention to hold a lien is insufficient for two reasons: First. That it does not state that the work was performed and material furnished sixty days prior to filing the notice in the recorder's office. Second. That the names of the appellees appear to be signed to the notice by S. S. Johnson, their attorney. As to the first objection urged,

it may be said that the statute does not require the
notice to state or specify when the work was done or
material furnished, and such omission would not re-
sult in rendering the notice deficient.

The fact that the name or names of the persons de-
siring to acquire the mechanic's lien have been signed
to the notice filed in the recorder's office, through the
agency of their attorney, will not render such notice
invalid and thereby defeat the lien. The statute does
not, in express terms, require that the notice shall be
signed by any one. The notice in dispute, however,
gave the names of the appellees as the persons seek-
ing to obtain the lien, and in this respect it disclosed
to all concerned who were intending to hold a lien
upon the property described. Under the statute pro-
viding for a mechanic's lien, the notice to be filed in
the recorder's office is sufficient when it states the
amount due, to whom, from whom, and for what, and
describes the premises. *Coburn* v. *Stephens*, 137 Ind.
683. The notice in question complied with these re-
quirements and was therefore sufficient.

The next contention of appellant's learned counsel
is, that the court erred in sustaining appellee's de-
murrer to the third, fourth, fifth and sixth paragraphs
of the answer. The complaint, as we have seen, under
its alleged facts, proceeded upon the theory that Bul-
lock was the owner in fee-simple at and prior to the
time appellee contracted with him to furnish the ma-
terial and build the standpipe thereon. That they
built the pipe under the contract for him. That after
they had commenced the work, he conveyed said land
to appellant, but that appellees had no knowledge of
said conveyance until after the completion of the
work. Each of the paragraphs in controversy, by the
facts outlined therein, proceed upon the theory that
no such cause of action as the one alleged in the com-

•plaint ever existed. There is no attempt to confess the cause of action and avoid it by new matter. The facts alleged were evidently intended by appellant to negative those set up in the complaint, by showing that Bullock was not the owner in fee of the real estate at the time appellees contracted with him to build the standpipe, and that knowledge must be imputed to them of that fact, and that they were but subcontractors, in furnishing the material and erecting the standpipe, and that they had failed to give to appellant the notice required by the statute to the effect that they were furnishing the material and performing the work as such sub-contractors. The facts averred in these paragraphs, so far as they might be competent as a defense, were admissible under the general denial which appellant had pleaded, and therefore it was not necessary to affirmatively plead them. A defendant, under the general denial, is not confined to negative proof in denial of the facts stated in the complaint, as a cause of action, but may, upon the trial, introduce proof of facts independent of those alleged in the complaint, but which are inconsistent therewith, and tend to meet and break down or defeat the plaintiff's cause of action. Works' Practice, Vol. 1, section 579; Pomeroy's Rem., section 644; Bliss Code Pleading, section 321; Boone Code Pleading, section 65 (Pony Series); Code 1881, section 127; R. S. 1881, section 377; Balue v. Sear, 131 Ind. 301.

As the facts embraced in these several paragraphs so far as the same were competent, could have been proven under appellant's denial, hence sustaining the demurrer thereto, if erroneous, as urged, would be harmless, and no injury resulted to appellant from such ruling. Claypool v. Jaqua, Admx., 135 Ind. 499.

No available error appearing, the judgment is affirmed.