EASTBURN ET AL. *v.* BOARD OF FINANCE OF THE TOWN OF LAKEVILLE, ST. JOSEPH COUNTY.

[No. 14,805.   Filed May 7, 1935.]

*Dudley M. Shively, Walter R. Arnold,* and *John G. Yeagley,* for appellants.

*Jones, Obenchain & Butler,* for appellee.

KIME, J.—This was an action to recover on a depository bond, the complaint alleging that the appellants signed a certain bond as sureties for their principal, the Lakeville State Bank. To the complaint there was filed a plea of *non est factum* verified by appellants, Eastburn and William Shafer. The appellants, Olinger, Henry Shafer and How did not verify the answer and

the appellant, Lee Wolff did not join in such answer. There was a trial by court, without a jury, and a finding and judgment for appellee in the sum of $4084.20. The appellants filed a motion for a new trial, the grounds therefor being that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law. The overruling of this motion is the only error relied on for reversal.

Under this assignment the appellants set out three propositions, the first two being that there was never a delivery of the bond so as to bind the appellants as sureties and consequently there was no right of recovery, since the plea of *non est factum* was filed, and that because of the plea of *non est factum* there was no proof of the fact that the principal, Lakeville State Bank, ever became a party to the bond as alleged in the complaint, and since the principal did not become a party there is no liability on the part of the appellants as sureties, although the bond may have been actually delivered.

In appellants' proposition three they say that since there is a plea of *non est factum* the burden was upon the appellee to show substantial compliance with all the steps imposed by the statute preliminary to and culminating in the appointment of the bank as a public depository, and since the record is barren of the evidence that the bank was designated and appointed there has been a failure of proof of a substantive matter alleged and appellee can not prevail. As authority under this proposition the appellant cites foreign cases to the effect that the statute must be strictly construed and in effect that the same is mandatory. While this may be the law in the jurisdiction cited our Supreme Court has held otherwise. In the case of *State ex rel. Rowe* v. *Britton* (1885), 102 Ind. 214, 216, 1 N. E. 617, the court said, "The failure to approve the bond did not

invalidate it. Having accomplished the purpose it was intended to accomplish, and the parties having secured the consideration upon which it was founded, it is not rendered ineffective by the failure to formally approve it." And also in the case of *Mowbray, etc.* v. *State, etc.* (1882), 88 Ind. 324, 325, the court said, "The question is not whether the bond could take effect for the purpose of rendering the sureties liable for acts done before the approval of the bond. The officer is alleged to have entered upon the duties of the office after the approval, and all the breaches charged are alleged to have occurred thereafter. The bond is a contract by which the obligors engaged at the time of its execution to be responsible for violations of official duty occurring thereafter. Upon its execution it became in force, as against the obligors, for the purpose for which it was given. If there was a violation by the principal of any duty for the faithful performance of which the bond was conditioned, the surety would be liable upon his contract. From the time of the execution of the bond the surety and his estate were bound. Here, as before said, there was approval, and the breaches were subsequent thereto; but, indeed, approval of an official bond is not required for the benefit or protection of the sureties; and however important it might be for one asserting his rights as an officer to show his compliance with the requirements of law for induction into office, the statutory provisions for the approval of the securities given by him will, in an action on the bond against a surety, be regarded as directory, and the complaint thereon, showing a breach, will not be bad though it fail to state that the bond was approved. The fulfilment of the purposes for which such bond is required by law should not be dependent upon the acts or omissions of other officers. It is sufficient, however, for the purposes of this case, to say that if it were true that the

bond was not approved until after the death of a surety who had executed it, this would not invalidate the bond as his contract."

Further to the same effect is 21 R. C. L. 973 which says, "*As a general rule* it appears that statutes providing that the bond or sureties shall be approved, and limiting the time in which it may be done, are directory merely, being for the convenience, security, and protection of the public, and not directly for the benefit of the principal in the bond and his sureties. Hence, if a bond is delivered for approval, it becomes a binding obligation, unless actually disapproved, and a dereliction of duty on the part of officers appointed by law to pass on the sufficiency of the security, and approve or reject it, cannot be taken advantage of by the bondsmen. If such officers fail to act in the manner or time prescribed, or if they fail to act at all, or if the wrong officers act, the sureties are, nevertheless, bound." (Our italics.)

Conceding that it be unimportant whether these steps are directory or mandatory the bank, and the appellants here, received the benefits from the designation of the bank as a depository and the actual deposit of the public funds and the language used by the Supreme Court of Missouri in the case of *School District et al.* v. *Security Bank, etc.* (1930), 325 Mo. 1, 26 S. W. (2d) 785, is persuasive reasoning in holding the appellant liable under the bond. The language is as follows: "Whether the legislature intended to invalidate a bond given under such circumstances, that is, whether the statutory provisions referred to are mandatory or merely directory, we need not decide. Where, as here, faith and credit have been given to a depository bond and it has performed the function of a statutory bond, the sureties on such bond cannot escape liability upon the ground that their principal was not duly selected as a deposi-

tary, nor upon the ground that such bond was not executed and delivered within the time prescribed by the statute. The evidence in this case shows, and the bond in suit recites, and appellants do not deny, that the defendant bank was selected as a depositary of one-eighth of plaintiff's funds. The evidence further shows, and appellants do not deny that, upon the execution, acceptance, and approval of the bond, the bank became such a depository, 'assumed and acted that role,' received one-eighth of plaintiff's funds as such a depositary, and thereby, to all intents and purposes, became such a depositary *de facto*. By signing and delivering the bond, the sureties, including appellants, intended that the bank should become such depositary. That act enabled the bank to get hold of one-eighth of plaintiff's funds. Under such circumstances, it becomes immaterial whether the bank was selected as such a depositary exactly as prescribed by statute, or whether the bond was executed within the time prescribed by the statute. The engagement of the sureties on the bond in suit was to stand sponsor for the bank—to answer for its default. That default could arise whether the bank was a depositary *de facto* or *de jure*. The default has arisen, and appellants, as sureties on the bond, must answer therefor."

Since we have arrived at the conclusion above there is no need for discussing the first two propositions set out by appellant as they are effectively disposed of insofar as it is necessary to do so by the result reached under the third proposition.

The application of the act of 1933, Chapter 78, to this case has not been presented to us. We are not apprised as to whether or not the appellants are released by virtue of said act.

The court did not err in overruling the motion for a new trial. Judgment of the St. Joseph Superior Court No. 2 is in all things affirmed.