AMERICAN EMPLOYERS INSURANCE COMPANY *v.* BOARD OF FINANCE OF KNIGHT TOWNSHIP, VANDERBURGH COUNTY.

[No. 15,112. Filed March 10, 1936. Rehearing denied June 4, 1936. Transfer denied October 1, 1936.]

*Fesler, Elam, Young & Fauvre* and *Kahn, Enlow & Meyer,* for appellant.

*Emra H. Ireland* and *Don L. Smith,* for appellee.

BRIDWELL, J.—This action was brought by appellee against appellant and The American Liability & Surety Company upon two depository bonds, to recover of the defendants as sureties for the Central Union Bank of Evansville, Indiana, a deposit of public funds in that bank lost to Knight township, Vanderburgh county, Indiana, on account of said bank closing its doors and going into voluntary liquidation. Both of said bonds were executed by said bank as principal. On one of them, dated January 2, 1931, appellant is the sole surety, while on the other, dated August 5, 1931, The American Liability & Surety Company is the only surety. The last named surety answered the complaint by a general denial. Appellant filed its answer thereto in four paragraphs, the first a general denial, the other three affirmative in character. Appellee filed its demurrer to each of the affirmative paragraphs of answer, which was overruled as to the second paragraph and sustained as to the third and fourth paragraphs. The second paragraph of answer alleged in substance that said Central Union Bank had never been properly designated as a public depository for the public funds of said Knight township, and that the bond sued on had never been accepted by appellee, and was never in force as an effective bond. A reply in general denial to the second paragraph of appellant's answer closed the issues. The cause was submitted to a jury for trial which resulted in a verdict for appellee against both sureties in the amount of $26,775. Judgment was rendered on the verdict; appellant duly filed its motion for a new trial which was overruled, and appellant excepted, thereafter perfecting this appeal as a term time appeal.

Errors assigned and not expressly waived, are alleged errors in sustaining the demurrer to the third and to the fourth paragraph of answer to the complaint; in sus-

taining a motion to strike out parts of the deposition of Earl Eichin; and in overruling appellant's motion for a new trial.

As to the claimed error in sustaining a demurrer to each of the third and fourth paragraphs of answer to the complaint, we deem it sufficient to say, that the complaint is based on the theory that the bond of appellant was in full force and effect on January 11, 1932, at the time said Central Union Bank, principal on the bond, closed its doors; that in each of said paragraphs of answer appellant alleged facts to show a termination of liability by cancellation of its bond and an accounting to appellee by the principal on the bond for all monies deposited prior to the alleged cancellation. The facts alleged in these paragraphs of answer were provable under appellant's answer of general denial, hence the ruling on the demurrer does not constitute reversible error. *Jeffersonville Water Supply Co.* v. *Riter* (1897), 146 Ind. 521, 45 N. E. 697; *Cleveland, etc., R. Co.* v. *Woodbury Glass Co.* (1923), 80 Ind. App. 298, 120 N. E. 426.

Appellant's assignment of error, that the court erred in sustaining a motion to strike out parts of the deposition of Earl Eichin "assigned separately and severally as to each question and answer involved in said ruling," presents no question for review, as errors of this character can only be presented through the medium of a motion for a new trial. *The Ohio, etc., Co.* v. *Judy* (1889), 120 Ind. 397, 22 N. E. 252; *Capital National Bank* v. *Wilkerson, Trustee* (1905), 36 Ind. App. 550, 76 N. E. 258.

The motion for a new trial asserts as causes therefor that the verdict of the jury is not sustained by sufficient evidence; that said verdict is contrary to law; error in the giving and in the refusal to give certain

instructions; and error in the admission and exclusion of evidence.

It is shown by uncontradicted evidence in this cause that appellee failed to comply with the statutory requirements relative to the steps to be taken by a township board of finance in receiving proposals from banks to act as public depositories of township funds; that neither the proposal of the Central Union Bank to serve as such depository, nor the bond here involved, was ever spread of record as provided by our Depository Law; that both proposal and bond were received by the township trustee of Knight township from the bank on January 2, 1931, and were, on the evening of that day, presented by said trustee to the members of the Board of Finance of Knight township at a meeting of said board held at the home of said trustee pursuant to a call made by him for such meeting; that said proposal and bond were examined, and, after a discussion of the question of using said bank as the township's depository for its funds, the trustee was informed that it was all right to do so; that said trustee's term of office began on January 1, 1931, and he qualified for the discharge of his official duties on that day, and received from his predecessor a check for the funds belonging to said township, then on deposit in a bank other than said Central Union Bank heretofore mentioned; that prior to the meeting of the board of finance on said January 2nd, but after having received the proposal and bond, the said trustee had deposited $27,191.50 in said Central Union Bank, and thereafter continued to make deposits of funds belonging to said township from time to time until the bank closed its doors on January 11, 1932, at which time there was on deposit in said bank funds of the township amounting to approximately $26,000; that there was no written acceptance by appellee, at any time, of the proposal by the bank to become a deposi-

tory, and no written approval of the bond executed by appellant, and no record made of the meeting held or the business transacted on January 2, 1931. The proposal and bond were left in the custody of the township trustee, and kept by him, together with other papers and records pertaining to the business of the township, in a safe owned by the township; that both proposal and bond were in accordance with the form prepared by the Attorney General of the State of Indiana for proposals and depository bonds.

The evidence further discloses that prior to August 5, 1931, appellant, through the manager of its bond department, had negotiations with officers of said Central Union Bank, looking towards a reduction of appellant's liability on surety bonds executed by it as surety for said bank; that the cashier of said bank discussed with the township trustee of said Knight township the question of the bank's filing a different bond from the one previously filed, and a return of the bond delivered to the trustee by the bank on January 2, 1931; that on August 5, 1931, a surety bond, in the form of a depository bond as approved by the Attorney General of Indiana, executed by the bank as principal, and The American Liability & Surety Company as surety, was delivered by the said cashier of said bank to said township trustee, and the bond executed by appellant was, at that time, turned over by said trustee to said cashier of said bank; that at the time the bond executed by appellant was given to said cashier, neither the trustee, nor any officer of said bank, nor other person interested, had ever notified appellee or either of the individual members of appellee (said board of finance) that the bank desired the return of the bond on which appellant was surety, and the first knowledge on the part of appellee that such a transaction had occurred was received on or about the first day of September, 1931, at the regular

annual meeting of the advisory board of said township when the trustee reported the transaction had occurred, and presented the bond last executed. In the minutes of that meeting, the following entry appears: "The Board now also approves surety bond of the Central Union Bank, with The American Liability & Surety Company as surety thereon." After the return of the bond signed by appellant, to the bank, the signatures of both principal and surety on such bond were deleted therefrom, and the bank delivered said bond to appellant, and it was not, thereafter, in the actual possession of appellee, any of its officers, or the trustee of said township. Each of said bonds were in the penal sum of $25,000 the bond executed by appellant being dated on January 2, 1931, and containing, among others, the following provisions:

"THE CONDITION of this obligation is such that, WHEREAS, the said Central Union Bank, a Bank duly organized and transacting business under the laws of Indiana, and doing business in the City (town) of Evansville, in the county of Vanderburgh, and State of Indiana, did on the 2nd day of January, 1931, duly present to the Knight Township Board of Finance of Vanderburgh County, its written proposal to become a depository of the public funds within the disposal of said Board, to the maximum amount of Fifty Thousand and no/100 Dollars ($50,000.00) and to be designated and established as such by said Board of Finance under and by virtue of the laws of the State of Indiana, governing public depositories;

"Now, if the said Central Union Bank shall faithfully perform all such duties and obligations as are now or may hereafter be imposed upon such depositories by the General Assembly of the State of Indiana or the laws of said State, and shall faithfully and safely keep, preserve, account for, pay over and deliver without discount or deduction of any kind therefrom, whenever the same are, or any part thereof is, lawfully demanded, all the public money and effects and each and every part thereof, which have been, now are, or which may be hereafter deposited with or received by said principal, or which

in any manner or from any source may have or shall come into its custody or keeping, whether amounting to the whole of said maximum sum of $50,000.00 or any portion thereof, during its continuance as such public depository, and shall promptly pay said Board of Finance the several rates of interest on each and all of said public funds, as it may now or hereafter be required by law to do, and shall in all respects save and hold the said Knight Township Board of Finance harmless and indemnified against any and all loss, liability, damages or expenses whatsoever and from whatsoever cause occurring, by or on account of any moneys which have or may hereafter come into its hands as such depository, and against any and all failure or default in the payment of the principal or interest of such deposit or deposits in strict conformity with the provisions of the laws of Indiana relating to such deposits, then this bond shall be void; otherwise, of full force and effect.

*"If the surety herein shall so elect,* this bond may be conditionally cancelled at any time by said surety giving thirty (30) days' written notice of such conditional cancellation to the principal herein and a like thirty days' written notice to the said Board of Finance; but said surety company shall remain liable for all acts and omissions covered by this bond which shall have been committed by said principal or which shall have occurred between the execution hereof and the acceptance and approval of the new bond, bonds or collateral securities hereinafter mentioned. Said principal binds itself, its successors and assigns, upon receipt of such notice and within said period of thirty (30) days, to prepare and file with said Board of Finance a new bond or bonds to the approval of said Board, in the sum required by law and of like tenor and effect as this obligation, with surety or sureties to be approved by said Board of Finance, or in lieu of said bond or bonds to deliver to said Board of Finance within said period of thirty (30) days, as security, collateral bonds to the satisfaction of said Board, of the character now or hereafter required by law, for fifty per cent of the full face value of the maximum amount to be deposited with said principal, or within said period to file and deliver a bond, bonds and collateral security of the character and to the

amount required by sections 11 and 12 of the said Public Depository Act of 1907, as amended by the Acts of the General Assembly of 1909, to the satisfaction and approval of said Board of Finance. Said principal further agrees, upon receipt of said notice, to make a full, true and complete accounting to said Board of Finance, up to and including the end of said thirty days' period, duly verified by the oaths of the president and cashier (secretary) of said principal and shall exhibit for actual inspection by said Board of Finance all of the public funds and interest earned thereon for which said principal is chargeable at the date of such accounting.

"Upon the making of such accounting as above specified, and the filing and delivery by said principal of said new bond, or bonds, or of said collateral securities, as the case may be, or of both, and their acceptance and formal approval by said Board of Finance, *but under no other circumstances, the surety upon this bond shall be* absolutely released from liability accruing subsequent to the date of the acceptance and approval of said bond, bonds or collateral securities, and the taking effect of the same; PROVIDED, That nothing herein shall be construed to mean that said surety shall be released from any of its liability prior either (1) to full payment by said principal to said Board of Finance, or other proper authority, of all public funds deposited with said principal and interest earned thereon; or, (2) to the accounting aforesaid and the filing and delivery of the bond, bonds or collateral securities before mentioned, and their formal acceptance and approval by said Board of Finance and the taking effect thereof." (Our italics.)

There is no evidence tending to prove that appellant at any time sought to cancel its bond by proceeding in accordance with the terms and provisions of the bond, to procure its cancellation. On the contrary, the evidence does show that no such action was taken.

The various claimed errors assigned as causes for a new trial may be considered together, as they present

for our determination two principal questions, as follows: Was the bond, executed by appellant, as surety, accepted and approved in such manner as to be and remain in force as an effective bond? If such bond became a binding obligation, was it, thereafter, cancelled, and appellant released from liability for loss of such deposits as were made after appellee received and approved the bond of The American Liability & Surety Company? It is not contended by any party hereto that appellee complied with the requirements of our Depository Law in any designation made of the bank involved as a depository for the funds of the township. Allegations contained in the second paragraph of the complaint are to the effect that this was not done, and appellant's second paragraph of answer pleads this failure so to comply, in defense of this action. The evidence, however, without any conflict therein as to the facts, conclusively proves that the bond on which appellant was surety was delivered by the principal on the bond to the trustee of said Knight township, together with a proposal by said principal to act as a township depository, and that both proposal and bond were presented by said trustee to the board of finance, and he was informed by said board that it was all right to use said bank as the depository for the township funds; that, thereafter, until said bank went into voluntary liquidation, it *was* used as the sole depository for such funds. The bond served its purpose; faith and credit were given because of it, the bank receiving the benefits accruing from having been designated as a depository in the manner it was so designated; and, we are of the opinion, and therefore hold, that the surety thereon cannot escape liability because of the fact that its principal was not selected as a depository in the manner provided for by our statutory law, nor on the ground that said bond was executed

and delivered prior to the time the statute fixes for the receipt and acceptance of such proposals and the approval of depository bonds; nor on account of the failure of appellee to spread of record the proposal and bond, and enter of record its acceptance of the bond and the selection of the Central Union Bank as depository. See *Eastburn et al.* v. *Board of Finance, etc.* (1935), 100 Ind. App. 310, 195 N. E. 581; *School District, etc.* v. *Security Bank, etc.* (1930), 325 Mo. 1, 26 S. W. (2nd) 785, 792; *Linz* v. *Eastland County et al.* (1931), 39 S. W. (2nd) 599, 77 A. L. R. 1466, 1473, and Anno. beginning on page 1479.

Our Depository Law (Chap. 6, Sec. 61-601, *et seq.,* Burns' Ind. Stat. Anno. 1933, §13805, *et seq.,* Baldwin's 1934) provides for the designation of depositories for public funds by the various boards of finance created by such act, biennially. It requires that any depository selected shall give a bond, and imposes upon the Attorney General of the state the duty to prepare form of bonds to be used. In the form of bond so prepared and in use, there is a method provided whereby any surety may, if it so elects, have any such bond cancelled conditionally, and be relieved from liability when it and its principal have fully complied with the conditions imposed for the cancellation of said bond. This provision of the bond has been held valid and if the procedure outlined be followed, a surety would be released, notwithstanding the fact that the period of time for which the depository had been selected, as such, had not expired at the time of such cancellation. See *State ex rel. Board of Finance, etc.* v. *The Aetna Casualty & Surety Company* (1935), 100 Ind. App. 46, 189 N. E. 536. No method is provided by statute for the cancellation of bonds of this class and character, and when we take into consideration that the real purpose of such bond is for the security of public funds, and the protec-

tion of the taxpayers of the municipality which selects the depository, we are inclined to the view that the method provided by the bond for its cancellation is the only existing remedy which may be exercised by a surety on bonds of this character to secure its release. If it be conceded that the evidence in the instant case shows that it was the intention of the principal and surety on the bond and of the township trustee and the members of said board of finance to release appellant from liability on the bond at the time the other bond was presented to and approved by the board of finance, it does not follow that that purpose was accomplished by the action taken, as there is no contention, and no proof that the procedure outlined in the bond for its cancellation was actually followed. We find no provision of the Depository Law conferring power and authority on any board of finance to release a surety upon a depository bond upon the mere request or application of any such surety to have the bond canceled, and the tendering by the principal of a different bond. Such boards have no inherent power, but only such powers as are conferred by statute and necessarily implied from the powers granted. The method for cancellation outlined in the bond which appellant executed not having been followed, and appellee having no inherent power to cancel the bond, it remained, and was in full force and effect at the time said Central Union Bank closed its doors. For cases somewhat analogous, and bearing upon the question of the release of sureties on bonds required to be given by statute, see *Robinson et al.* v. *State ex rel. Martin, etc.* (1877), 60 Ind. 26; *Sullivan et al.* v. *State ex rel. Langsdale, Administrator* (1889), 121 Ind. 342, 23 N. E. 150; *Massachusetts, etc., Ins. Co.* v. *State ex rel.* (1925), 82 Ind. App. 377, 149 N. E. 377.

It is contended by appellant that the court erred in permitting parol testimony to prove the selection of the

depository and the acceptance of the bond, and that the only competent evidence of such facts would be the record of the board of finance. We cannot sustain this contention. In the instant case the evidence shows that no record was made, and it was proper to admit the testimony of witnesses to prove what actually occurred. The failure of appellee to make a record of its transactions cannot be utilized to defeat the purpose of the bond, and when no record exists, parol evidence may be properly heard in order to establish the facts. It is also urged that the court erred in excluding offered testimony. The rejected testimony related to transactions between appellant and said Central Union Bank, and by it, appellant sought to prove that said bank in procuring the return of the bond acted as the representative of appellant, and by its authority. Since the required steps to secure a cancellation of the bond were not taken by any person, the rejection of this offered testimony did not constitute reversible error.

Errors claimed in the giving and in the refusal to give certain instructions present legal questions hereinbefore decided, and no good purpose would be served by a review and discussion of the several instructions in question.

The evidence is sufficient to sustain the verdict, and said verdict is not contrary to law. There was no error in overruling the motion for a new trial.

Judgment affirmed.