John B. Wood, Administrator of Estate of A. Moore, Plaintiff in Error, *v.* M. S. Williams *et al.*, Defendants in Error.

1. *Administrator's bond—Taking of new does not discharge old one, when, (see statute)—Surety on both bonds, remedies of on indemnity furnished on first bond.* —A new administrator's bond, given in lieu of an old one, will not discharge it, unless taken for some cause specified in the statute, (Wagn. Stat., p. 76, § 37;) and new sureties on the second bond, not given for one of those causes, have the effect only of adding additional securities for the performance of the administrator's duties under his original obligation. Hence, where the latter bond is not in accordance with the statute, and one who is surety on both, is compelled by a judgment on the second to pay for a breach of his principal, committed after its execution, the breach is held to be that of the first bond as well, and the surety may have recourse for indemnity to a mortgage or other security furnished to save him harmless on the first bond.

*Error to Lawrence County Circuit Court.*

*Henry Brumback & N. Gibbs,* for Plaintiff in Error.

I. The second bond not having been given in pursuance of the statute law, (§§ 36, 37, Art. I, Administration) did not supersede the first, but was merely cumulative. (Haskell vs. Farrar 56, Mo., 497; State to use, etc. vs. Fields, 53 Mo., 474; State to use, etc. vs. Drury, 35 Mo., 281.)

II. The estate of Moore should not be deprived of the indemnity given it by the mortgage, because Hale's administrator chose to sue upon the second bond instead of the first. The recovery from Moore's estate was precisely the same in either case, and for the very same acts of Williams, and in the same matter. (1 Hill. Mortg., 487, § 6; 1 Heisk. Tenn. Dig., p. 450—bottom of page—citing Babbits vs. Flowers, in 1 Swan's Reports, 511; see also Hil. Mortg., 448, § 4; *Id.* 482 *et seq;* Pond vs. Clark, 14 Cow., 334; Patterson vs. Johnston, 7 Ohio, 225, 360; Brinckishoff vs. Lansing, 4 Johns. Ch., 65; Boxheimer vs. Gunn, 24 Mich., 372.)

*Bray & Cravens,* for Defendants in Error.

I. The giving of the second bond operated as a discharge and release of all former bonds. (R. C. 1855, pp. 119–20, §§ 36–39;

Haskell & Co. vs. Farrar et al., 56 Mo., 497; State to use Glenn vs. Field et al., 53 id., 474; State vs. Drury, 36 Mo., 281.)

II. There was no default before the filing and acceptance of the second bond. No cause of action could accrue on the bond until the administrator had failed or refused to account. This he was not called on to do before the acceptance of the second bond. (36 Mo., *supra*, p: 286-7.)

III. The second declaration given for defendants is correct. The plaintiff was estopped from setting up any default under the first bond, because he was sued for default of Williams on the second bond, and it was not set up as a defence to that action that any part of the default was committed under the first bond, but was admitted, by not denying that whatever default had occurred was on the second bond.

HOUGH, Judge, delivered the opinion of the court.

It appears from an agreed statement of facts filed in this cause that on the 15th day of February, 1859, Michael S. Williams, surviving partner of the firm of Hale & Williams, having been appointed by the County Court of Lawrence County, administrator of the partnership estate of said firm, gave bond as such administrator, with Alexander A. Moore and James H. Jones as his sureties.

On the 11th day of March, 1859, Williams and wife executed and delivered to said Moore and Jones a mortgage of certain lands therein described, to secure them from loss or damage as such sureties, which was acknowledged and recorded on the 23d day of March, 1859.

On the 7th day of May, 1861, Williams, at the request of Moore and Jones, the latter desiring to leave the State and wishing to be released from all further liability on said bond, gave a new bond which was received and approved by the County Court, with Alexander A. Moore and Henry Childress, as securities.

On the 22d day of April, 1868, Williams made final settlement of the partnership estate, and the sum of $1,177.76 was

then found to be in his hands belonging to the estate of said Hale, which sum he was ordered by the court to pay to the administrator of the estate of said Hale. Williams having failed to pay said sum as directed by the court to the administrator of Hale's estate, said administrator brought suit in the Lawrence Circuit Court, on the second bond against said Williams, and the plaintiff herein as administrator of Moore, then deceased, and the administrator of Childress also deceased, and recovered judgment on the 11th day of November, 1868, for the sum of $1,124.04 and costs, one-half of which judgment, amounting to the sum of $579.32, the plaintiff herein, as administrator of Moore, paid to the administrator of Hale on the 3d day of April, 1869, the administratrix of Childress paying the other half. Williams was then insolvent. Before the execution of the second bond, Williams had used, of the partnership assets in his hands as administrator, the sum of $3,000 in the purchase of a farm for himself, and in mercantile operations on his own private account.

The property described in the mortgage was sold in 1863, under a judgment rendered against Williams in 1860, and was purchased by Mrs. Kellogg, who with her husband were made parties defendant; and the present suit is brought to recover the said sum of $579.32 paid on the judgment on the second bond, and for foreclosure of the mortgage executed by Williams to secure Moore and Jones.

Jones refusing to join as plaintiff was made a party defendant.

The cause was tried by the court without the aid of a jury, and judgment was rendered for the defendants.

Plaintiff brings the case here by writ of error.

Numerous instructions were given and refused, but the facts being agreed upon it will not be necessary to notice them.

The defendants in error contend, in support of the judgment below, that the approval by the County Court of the second bond released the sureties on the first bond from all liability for any default of Williams, happening after the date of such approval, and the payment by the plaintiff of a judg-

5—VOL. LXI.

ment on the second bond for a breach thereof, gives him no right to the indemnity furnished by Williams to plaintiff's intestate as a surety on the first bond; and that if there was any conversion of the estate which constituted a breach of the first bond, the administrator of Hale should have sued upon the first bond, and that the failure of the plaintiff here, to make such defense to the suit against him upon the second bond. debars him from all right to relief in this action.

It is clear that if the sureties on the first bond were not discharged by the giving of the second bond, the plaintiff is entitled to recover.

The second bond does not seem to have been given in conformity to any statute, though it is evident that it was the effort and intention of the parties to make a bond which would relieve Jones, who intended to leave the State, from any further liability as surety for Williams. The record does not disclose that any notice was given or that any of the statutory causes for this proceeding existed. Notice, however, would not be held to be essential, as the parties might voluntarily appear; but the existence of some one of the grounds provided by statute for taking a new bond and discharging the sureties on the old one, would seem to be indispensable. The 37th section of Art. I, of the Administration Law, (Wagn. Stat., vol. 1, p. 76), provides that, "if any person bound as security in the executor's or administrator's bond, file in the proper court an affidavit, stating that the affiant has sufficient cause to believe and does believe his co-security has died, or has or is likely to become insolvent, or has removed from the State, or that the principal in such bond has or is likely to become insolvent or is wasting the estate, and shall have given the principal on such bond at least ten day's notice of such complaint, the court shall examine into the complaint."

It is only for some one of the causes specified in this section that the County Court may require a new bond, the approval of which will operate to discharge the sureties on the old one from liability for the future default of the adminis-

trator ; and this proceeding is wisely limited to cases where complaint is made and cause shown to the court. A strict adherence to the statute may prevent solvent securities from being too easily succeeded by insolvent ones and will contribute to the preservation of estates.

The second bond not having been given in pursuance of the statute and being simply a voluntary and additional bond, had the effect only of adding a new security for the faithful performance by Williams of his duties as administrator, and did not otherwise affect the first bond.

As the first bond remained in full force during the whole period of Williams' administration it is manifest that any violation of his duty was a breach of this bond, and for the failure of Williams to pay over in obedience to the order of the County Court, the money due the estate of Hale, Hale's administrator had a right of action on either or both of the bonds given by Williams, though he would of course have been limited to a single satisfaction.

The default of Williams upon which the judgment against the plaintiff was founded, being as much a breach of the first as it was of the second bond, and the surety on the first bond having been damaged by such default is entitled to the indemnity afforded by the mortgage.

The judgment of the Circuit Court will be reversed and the cause remanded.

All the judges concur.