THE STATE *ex rel.* FROST, *Admr. of Deegan*, v. CREUSBAUER *et al., Appellants.*

1. **Administrator's Bond**: PLEADING. A petition which shows that an administrator has failed to comply with an order of payment made by the probate court on final settlement of his accounts, states a good cause of action as against the sureties in his bond, without showing whether the funds were actually lost to the estate before or after the execution of the bond.

2. ——: ——: EVIDENCE: VOLUNTARY BOND. In a suit upon an administrator's bond, the only defense pleaded by the sureties was *non est factum.* The evidence offered in their behalf showed that the bond was never approved by the probate court, and that before it was given the administrator had given another bond. *Held,* that this evidence was improperly admitted; 1st, Because it was foreign to the issue; 2nd, Because it constituted no defense. The bond was good as a voluntary bond, though not approved by the probate court, and the party injured had his option to sue upon either of the bonds.

3. ——: ORDER OF PAYMENT: EFFECT ON ADMINISTRATOR'S SURETIES. It is well settled that a suit on the administration bond can be maintained against the sureties of an administrator upon an order of payment made by the probate court. The fact that a *sci. fa.* might have been issued against them out of that court after an execution against the administrator had proved barren of results, does not deprive the circuit court of jurisdiction. The order of payment is conclusive against sureties. *Dix v. Morris,* 66 Mo. 514, and other cases.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

This suit was brought by Frost as administrator of the .

individual estate of Frank Deegan, deceased, upon a bond executed by Creusbauer, as principal, and the other defendants as sureties.   Creusbauer and Deegan had been partners in business, and Creusbauer administered upon the partnership estate, and as administrator gave the bond sued on. It appeared from the petition that he was appointed on the 23rd day of September, 1872, and that the bond was given the 2nd day of January, 1873; that there had been a final settlement of the partnership estate, and the probate court had adjudged the sum of $2,380.44 to be due from Creusbauer to the plaintiff, as administrator, and had ordered him to pay that sum, but he had failed to make payment. Defendants demurred to the petition on the grounds that it showed that the bond sued on was not given until long after the letters of administration were issued, and it did not state whether the same was an original or a new and additional bond; that it did not appear whether the loss or waste to the estate was prior or subsequent to the execution of the bond; that it did appear that a judgment had been entered by the probate court against Creusbauer, but not whether any execution had been issued, or whether any diligence had been used to collect the money and that there was no sufficient assignment of a breach of the bond. The demurrer was overruled, and the sureties filed an answer pleading *non est factum.*

At the trial plaintiff offered evidence of the execution of the bond by defendants, and rested.   Defendants then showed that Creusbauer, as surviving partner of the firm of Deegan & Creusbauer, prior to the execution of the bond sued on, gave a bond as administrator of the partnership estate, which was duly approved by the probate court, and on which letters were granted; that afterwards Creusbauer, of his own motion, without any order of the probate court or request of sureties on original bond, procured the defendant sureties to sign the bond sued on, signed it himself and handed it to the clerk of the probate court, who filed it, but never called the attention of the probate court to

the bond; that the original bond was in all respects suffi-cient and the sureties thereon solvent. Defendants then rested. The plaintiff then offered in evidence a record of Creusbauer's final settlement, showing balance due the estate of Deegan, and an order on Creusbauer to pay over said balance to the plaintiff. To this defendants objected, for the reason that plaintiff had rested his case and de-fendants had also rested, and because the defendant sureties were strangers to the record and settlement, and to the ad-ministration. These objections the court overruled and admitted the testimony. Defendants prayed the court to give the following declaration of law, but the court re-fused: That if a proper bond had been given upon which letters of administration had been granted, in the absence of evidence that the probate court had ordered or approved the bond sued on, it was a voluntary and void bond. There was judgment for the plaintiff and the defendants ap-pealed.

*C. C. Bland* for appellants.

*H. B. Johnson* for respondent.

SHERWOOD, C. J.—Deegan and Creusbauer were part-ners; Deegan died, and Creusbauer administered on the partnership estate, being appointed for that purpose Sep-tember 23rd, 1872. This suit is brought on the relation and to the use of Frost, administrator of the estate of Deegan, on a bond executed by Creusbauer and the other defendants on the 2nd day of January, 1873.

I. It is claimed that the petition was insufficient, but we think it otherwise; the alleged breach of the bond con-sisted in the failure of Creusbauer to pay over to Frost, the administrator of Deegan, the amount, $2,380.44, ascertained by the probate court, on final settlement with Creusbauer, to be due the estate of Deegan, and ordered to be paid. And this was a sufficient assignment of a breach of the conditions of the bond. Those who were sureties on the

bond at the time the alleged breach thereof occurred, were, together with their principal, liable for such default, no matter when those sureties executed the bond, the ground of recovery being the failure to pay the money adjudged on final settlement to be due. The demurrer was, therefore, properly overruled.

II. The sole issue raised by the answer of the sureties, for Creusbauer stood on his demurrer, was whether they exe-

2. ———: ———: cuted the bond in suit, and on this point the evidence: volun- tary bond. evidence was amply sufficient. As this was the only issue made by the pleadings, any evidence as to a prior bond was wholly foreign to the case and improperly admitted. *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Chapman v. Callahan*, 66 Mo. 299. But even had the answer alleged that a prior bond had been given, the fact that this was done, would not invalidate or render void the subsequently executed bond, though no order of the probate court required its execution. This was so ruled in *Wood v. Williams*, 61 Mo. 63. Because a bond is a voluntary one, its binding and obligatory force is by no means lessened. *Henoch v. Chaney*, 61 Mo. 129, and cases cited. And it was optional with the administrator of Deegan's estate whether he should resort to the prior or to the subsequent bond. *Wood v. Williams*, *supra*. And there was no necessity that the latter bond, in order to its validity, should have been approved by the probate court.

III. It is well settled in this State that a suit on the administration bond can be maintained against the sureties of the administrator, who has been ordered to pay over money by the probate court, and that the judgment of that court against the administrator is conclusive against his sureties. *State v. Holt*, 27 Mo. 340 ; *State v. Rucker*, 59 Mo. 17 ; *Dix v. Morris* 66 Mo. 514. This disposes of the objection that the circuit court had no jurisdiction over the subject matter of the action. The fact that resort might have been had to the remedy of issuing execution against the ad-

ministrator, and if this proved barren of results, that *sci. fa.* might have been issued against the sureties under the provisions of Wag. Stat., secs. 13, 14, p. 109, does not deprive the circuit court of its ordinary jurisdiction in this regard.

IV.   There is but one point remaining for discussion, and that is in relation to the action of the trial court in permitting plaintiff, after the cause was closed, to introduce further testimony, testimony showing the settlement made in the probate court.   We discover no error in this, as it was a matter in the discretion of the trial court. Judgment affirmed.   All concur.

AFFIRMED.