THE STATE TO THE USE OF HOCKADAY, *Guardian, Appellant,* v. WOODS *et al.*

Guardian: BOND: SURETIES. H., having been appointed guardian and curator of a minor executed his official bond with one W. as his sole surety thereon; subsequently, and before any funds of the ward came into his hands H., at the request of W., called at the office of the probate court and obtained the bond from the judge, stating at the time that W., wished him to procure other signers as sureties on the bond, which he did and returned it with the names of the co-defendants of W. subscribed thereto. *Held,* that

the bond was valid as to the subsequent signers and that they were liable thereon for money due the ward from the estate of H.

*Appeal from Boone Circuit Court.*—Hon. G. H. Burck-hartt, Judge.

Reversed.

*Dobson & Douglass* for appellant.

(1) The respondents are estopped to object to the validity of the bond or to deny its recitals. *Decker v. Judson,* 16 N. Y. 439 ; *Cutler v. Rathbone,* 1 Hill 204 ; *Hawley v. Bates,* 19 Wend. 632 ; *Newland v. Willetts,* 1 Barb. 20 ; Brandt on Suretyship, sec. 462 ; *Ammons v. People,* 11 Ill. 6 ; *Stephens v. Crawford,* 1 Ga. 574. (2) A bond voluntarily given by a person while holding an office or administering a trust to secure a faithful performance of his duties is a valid contract binding upon the parties to it, though the taking of such bond is not prescribed by statute. A bond so taken, though invalid as a statutory one, is good as a common law obligation, if it contains no condition contrary to law. *U. S. v. Tingey,* 5. Pet. 115 ; *U. S. v. Bradley,* 10 Pet. 343 ; *Tyler v. Hand,* 7 How. 583 ; *Harris v. Simpson,* 14 Am. Dec. 103 note ; *Classen v. Shaw,* 30 Am. Dec. 338 ; *Sweetser v. Hay,* 2 Gray 52 ; *Wood v. Williams,* 61 Mo. 63 ; *Jones v. State,* 7 Mo. 85 ; *Barnes v. Webster,* 16 Mo. 258 ; *West v. Thompson,* 49 Mo. 188 ; *State v. Thomas,* 17 Mo. 503 ; *State v. O'Gorman,* 75 Mo. 378. (3) The formal approval of the bond by the court was not essential to bind respondents. *McCracken v. Todd,* 1 Kan. 148 ; Brandt on Suretyship, secs. 444 and 442 ; *Moore v. State,* 9 Mo. 330 ; *Jones v. State,* 7 Mo. 81. (4) The promise of Ellis *et al.* was supported by a good and sufficient consideration, and they should be held liable jointly with Woods for the deficit of their principal, James Harris. *Robertson v. Findley,* 31 Mo. 384 ; *Burrell v. Root,* 40 N. Y. 496 ; *U. S. v. Lynn,*

The State to use Hockaday v. Woods.

15 .Pet. 290; *Potter v. State*, 23 Ind. 550; *Turner v. Clark Co.*, 67 Mo. 243.

*Macfarlane & Trimble* and *Wellington Gordon* for respondents.

(1) The matter of estoppel should have been pleaded by plaintiff in his reply. Bigelow on Estoppel 585; *Warder v. Baldwin*, 51 Wis. 450; *Dale v. Turner*, 34 Mich. 405; *Philips v. Van Shack*, 37 Ia. 220. (2) Neither the facts alleged in the answer nor disclosed in the evidence could operate as an estoppel. Before defendants can be estopped to deny the bond it must appear that the plaintiff or his ward was misled by the bond as found on file, and would suffer loss if respondents were allowed to deny its validity. *Taylor v. Zepp*, 14 Mo. 489; *Newman v. Hook*, 37 Mo. 207. (3) This suit is upon a bond, and if a recovery can be had against respondents in this action, it must be because they are liable as makers of the bond sued upon. Respondents signed the bond long after its execution and delivery, and without other consideration than that upon which the principal and security, Woods, originally executed and delivered it. We insist that respondents are not liable, in this action, for the following reasons: (*a*) There was no new or fresh consideration which was necessary to give the transaction validity. (*b*) There was no delivery of the bond after its execution by respondents. (*c*) Under the circumstances under which these respondents signed the bond they did not become sureties on the bond, but if their signatures to the bond had any legal effect to bind them, it was only as guarantors to the ward of the principal, and a recovery could not be had against them in a suit upon the bond with the principal and original surety. (4) The respondents under our statute (Revised Statutes, section 372), are not estopped to show a failure of consideration. The rule is that if the contract of the surety is simultaneous with that of the principal, the consideration which supports the one will sustain the

other, but if subsequent it must be on some fresh consideration. Brandt on Suretyship, sec. 9; Bishop on Contracts, sec. 524; 1 Parsons on Contracts 496; *Williams v. Williams*, 67 Mo. 662. (5) If a holder of a note or bond without the knowledge or consent of the maker procure a third person to sign the same, it would be such a change of the contract as would release the maker and the holder; thus releasing the maker would release all endorsers and securities. Edwards on Bills 681; *Gardner v. Walsh*, 32 Eng. L. & Eq. 162; Story on Notes, sec. 408; *Pulliam v. Withers*, 8 Dana 98.

HENRY, C. J.—In October, 1878, James Harris was, by the probate court of Boone county, appointed guardian of the person, and curator of the estate of John W. Harris, minor heir of John W. Harris, deceased, and on the 8th of October of that year executed his bond with defendant, Woods, as sole surety, in the penal sum of twenty-five thousand dollars, to secure the faithful discharge of his duties as such guardian, etc. In 1879, before any of the property of the ward came into his hands, at the urgent request of Woods, Harris went to the office of the probate judge, and, stating that Woods was uneasy, and wished Harris to get the other parties to execute the bond, requested the judge to let him take the bond for that purpose, which was granted. Thereupon he procured the signatures of Ellis, Bass, Beazley, and Samuel to the bond, and this suit is upon that bond to recover against Harris's administrator and the parties to the bond an amount of money found to be due to the ward from Harris's estate. The defendants, except Woods, pleaded the foregoing facts, and contended that there was no consideration for their promise, and, taking the same view, the circuit court so declared the law and there was a judgment for plaintiff against Woods, and in favor of the other defendants, from which plaintiff has appealed.

Counsel for respondents rely upon the case of *Wil-*

*liams v. Williams*, 67 Mo. 661, as supporting their position. In that case, the maker of a note had executed and delivered it to the payee, and subsequently, without any other than the original consideration for the note, it was signed by one Shelton who successfully defended the suit. That, and the class of cases to which it belongs, are distinguishable from the case at bar, in that here is "a continuing consideration, running with his (the guardian's) continuance in office, and existed in full force at the time the instrument in question was signed." *U. S. v. Lynn*, 15 Pet. 290; *Wood, Adm'r, v. Williams et al.*, 61 Mo. 63, rests upon the same principle and can be upheld upon no other. There a second bond had been given by a surviving partner, executed by himself and one of the sureties in the first bond, together with a party who had not signed the first. The first bond had been approved by the court, and "the second was not given" in conformity "to any statute," and did not relieve the sureties on the original bond. The surviving partner had used of the partnership assets three thousand dollars on his private account before respondents signed the bond, and the court held that the default of the surviving partner was as much a breach of the second as the first bond.

The cases relied upon by respondents involved the same principle announced in *Williams v. Williams et al.*, *supra*, while this stands upon an entirely different ground.

The judgment is reversed and the cause remanded. All concur.