FIRST NATIONAL BANK OF PAW PAW v. MOON.

1. DRAINS—COMMISSIONER HOLDS OVER UNTIL SUCCESSOR ELECTED AND QUALIFIES.

Under 1 Comp. Laws 1915, § 4872, a county drain commissioner continues in office until his successor is elected and qualifies, and the hold-over period is therefore part of his term of office, and the incumbent is a *de jure* officer.

2. OFFICERS—WHEN SURETY DISCHARGED ON OFFICER'S RE-ELECTION.
    When an officer is re-elected to an office and qualifies for
    the new term by giving the statutory bond, the surety
    for the prior term becomes thereby discharged from lia-
    bility for subsequent acts of the officer.

3. DRAINS — BOND OF COMMISSIONER CONTINUES INTO HOLD-OVER
    PERIOD.
    The obligation of the prior bond continues into the sub-
    sequent term until the subsequent bond becomes effective,
    when the statute provides that the officer shall hold over
    until his successor shall be elected and qualified, since
    the hold-over period is part of the prior term.

4. SAME—APPROVAL BY SUPERVISORS RENDERS BOND EFFECTIVE.
    The bond of a county drain commissioner for a hold-over
    period became effective upon its approval by the board
    of supervisors with the bonds of other county officers (1
    Comp. Laws 1915, § 2274), although it was not approved
    by the officers designated by 1 Comp. Laws 1915, § 4872, to
    approve it.

5. SAME—SUPERVISORS WITHOUT STATUTORY AUTHORITY TO DIS-
    CHARGE OFFICER'S BOND.
    In the absence of statutory authority to discharge or re-
    lease an official bond of a county officer, the board of super-
    visors in approving the bond of the county drain com-
    missioner for a hold-over period was without authority
    to discharge his bond given for the prior term.

6. LIMITATION OF ACTIONS—ACTION AGAINST COUNTY DRAIN COM-
    MISSIONER AND SURETY—TEN-YEAR LIMITATION.
    Under 3 Comp. Laws 1915, § 12323, actions founded upon
    bonds of public officers carry a ten-year period of limita-
    tion, and, therefore, an action against a county drain
    commissioner and his surety for a deficiency resulting
    from issuing orders in excess of the contract price was
    not barred, where brought within said period.

Appeal from Cass; Warner (Glenn E.), J.    Sub-
mitted April 3, 1928.    (Docket No. 1, Calendar No.
33,506.)    Decided June 4, 1928.

Bill by the First National Bank of Paw Paw and

others against Abner M. Moon and the Fidelity & Casualty Company of New York to establish defendants' liability for the payment of certain county drain orders. From the decree entered, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Earl L. Burhans* and *Robert H. Cavanaugh,* for plaintiffs.

*Bishop & Weaver,* for defendant casualty company.

FEAD, C. J.   Defendant Moon was re-elected drain commissioner of Cass county in 1916, for the term of two years from January 1, 1917.   Defendant Fidelity & Casualty Company was the surety on his official bond in the sum of $4,000.   This bond was approved by the county clerk, treasurer, and judge of probate, the officers designated by 1 Comp. Laws 1915, § 4872, to approve it.   Moon was defeated at the election in 1918, but his successor did not qualify, and Moon held over for the years 1919 and 1920.   On January 3, 1919, Moon executed a new bond in the sum of $2,000, with the Maryland Casualty Company as surety, which contained the recital:

"Whereas, Abner M. Moon was elected to the office of drain commissioner in the county of Cass and State of Michigan, at the annual election held therein on the sixth day of November, A. D. 1916, and

"Whereas, Robert E. Cowhan was elected to said office at annual election held November 5, 1918, and has failed to qualify."   *   *   *

This bond was not approved by the officers designated by statute, but came to the board of supervisors of the county, was referred by the board, with the bonds of other county officers, to its judiciary committee on January 9th, and, on January 11, 1919, after report by the committee, it was "accepted, approved and placed on file" by the board.

On February 18, 1919, Moon, as drain commissioner,

let a contract for the construction of a drain, and there-after, beginning May 1, 1919, issued orders to the amount of $2,776 in excess of the contract price. The circuit court held the orders issued by Moon invalid in the amount of such excess. This resulted in plaintiffs being paid only 74.67 per cent. of the face value of orders held by them. The present suit was brought to recover the deficiency, it being the total amount of the excess of the issuance. Plaintiffs seek to recover from the defendant Fidelity & Casualty Company upon the theory that the bond upon which it was surety continued in force throughout Moon's hold-over incumbency of the office. The court held the defendant's obligation superseded and discharged by the bond upon which the Maryland Casualty Company was surety, and plaintiffs appealed. This presents the principal question in the case.

Under the statute (1 Comp. Laws 1915, § 4872), a county drain commissioner continues in office "until his successor shall be elected and qualified." The hold-over period is, therefore, part of his term of office and the incumbent is a *de jure* officer. 29 Cyc. p. 1399; 22 R. C. L. p. 555.

It is concededly the law that when an officer is re-elected to an office and qualifies for the new term by giving the statutory bond, the surety for the prior term. becomes thereby discharged from liability for subsequent acts of the officer. It is also the rule in this State that the obligation of the prior bond continues into the subsequent term until the subsequent bond becomes effective, when the statute provides that the officer shall hold over until his successor shall be elected and qualified. This is because the hold-over period is part of the prior term of office. *City of Grand Haven* v. *Guaranty Co.,* 128 Mich. 106.

The Maryland Casualty Company bond became effective without the approval of the officers designated by statute. Mechem on Public Officers, § 313; *People*

v. *Johr*, 22 Mich. 461.    And recovery has been had
upon it by suit.    *Maryland Casualty Co.* v. *Moon*,
231 Mich. 56.    The recitals in the bond and its in-
clusion with the other county officers' bonds in the
proceedings for approval by the board of super-
visors are rather persuasive that Moon intended to
present and the board to accept it for the hold-over
term and in lieu of defendant's obligation.    The issue,
then, is whether the board of supervisors had authority
to discharge defendant surety from liability on its
bond. ·

Aside from the authority to approve the bonds of
certain county officers, the power of the board of super-
visors is declared by 1 Comp. Laws 1915, § 2274, subd.
14, to be to require county officers "to give bonds or
further or additional bonds, as shall be reasonable or
necessary, for the faithful performance of their re-
spective duties."    This declaration is found in the
grant of general powers to the board, and, under the
implied exclusion rule of statutory construction, other
authority over such bonds is *prima facie* deemed to
be withheld except as it may be conferred by other
statutes.    There is no statute granting to the board
or any other officers the authority to discharge or
release an official bond of a county officer.    Nor is
such power incident or necessary to the proper exer-
cise of any power expressly granted to the board of
supervisors.    The bond does not belong to the board,
nor are its obligations for the sole benefit of the
county.    All citizens who may be affected by the official
conduct of officers have an interest in the bond, and,
on its effective execution, obtain a vested right in its
obligation.    Without statutory authority, no board nor
officer can release it.

Counsel have cited no analogous cases, but independ-
ent investigation has disclosed a few authorities, with
unanimity of opinion that the authority to approve

bonds required by statute does not include the power to release them, and that such obligations cannot be voluntarily discharged except under authority and in the manner provided by statute. It has been so held in *Sullivan* v. *State,* 121 Ind. 342 (23 N. E. 150) (clerk of circuit court) ; *Wood* v. *Williams,* 61 Mo. 63 (administrator's bond) ; *Fidelity & Deposit Co.* v. *Fleming,* 132 N. C. 332 (43 S. E. 899) (sheriff) ; *Hickerson* v. *Price,* 49 Tenn. 623 (clerk and master in chancery) ; *Richter* v. *Leiby's Estate,* 101 Wis. 434 ,(77 N. W. 745) (testamentary trustee).

It is, therefore, held that the obligation of defendant Fidelity & Casualty Company was not released nor discharged by the acceptance of the Maryland Casualty Company bond. The bonds were cumulative.

Defendant further contends that the action is barred by the statute of limitations, as the latest order in suit was dated September 15, 1919, and this action was instituted October 16, 1925. The argument is that the cause of action arises out of Moon's torts (*People, for use of Lapeer County Bank,* v. *O'Connell,* 214 Mich. 410), and action against him having tolled in six years after the tort, the surety is also released. The orders were payable March 15, 1921. However, under 3 Comp. Laws 1915, § 12323, actions founded upon bonds of public officers. carry a ten-year period of limitation. We think this act applies here.

The decree will be reversed, with costs, as to the Fidelity & Casualty Company, and a new one to accord with this opinion may be presented.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.