TURNER *v.* SILL.

1. FRAUD—DRAIN ORDERS—DEFENDANTS KNOWING REPRESENTATIONS TO BE FALSE NOT EXCUSED BY FACT THAT THEY REPEATED STATEMENTS OF OTHERS.

Where, in action against sheriff and banker for fraud in sale of drain orders on which they were paid commission, it appears that defendants represented that said orders were all right and showed opinion written by attorneys eight months before said orders were issued that purchasers of such orders would be protected "and any and all orders will be paid in full on or before March, 1921," but defendant sheriff knew at time of sale that said orders had been unlawfully issued by drain commissioner, and defendant banker knew that no tax had been spread to pay them and that they could not possibly be paid by time represented, an issue of fact was presented for jury, and defendants were not entitled to directed verdict on theory that they merely repeated what had been told to them by others.

2. SAME—WEIGHT OF EVIDENCE.

Verdict for plaintiff, *held,* not against great weight of evidence.

Error to Van Buren; Warner (Glenn E.), J. Submitted June 7, 1929. (Docket No. 95, Calendar No. 34,336.) Decided October 7, 1929.

Case by George Turner against Earl Sill and others for fraudulent representations made in the sale of drain orders. From a judgment for plaintiff, defendants bring error. Affirmed.

*Earl L. Burhans, Robert H. Cavanaugh,* and *David Anderson,* for plaintiff.

*Asa K. Hayden* and *Walter C. Jones,* for defendants.

SHARPE, J. Charles J. McElheny had a contract for the construction of the Dowagiac river drain. On December 23, 1920, he gave three drain orders, issued to him in October and November of that year, aggregating $8,260, to the defendant Sill, who was at that time sheriff of Cass county, to sell for him, for which Sill was to receive $740. These orders were drawn on the usual blank form, directed to the county treasurer of the county of Cass, and payable on March 15, 1921, out of any money in his hands "belonging to the Dowagiac river drain fund." They purported to be signed by the drain commissioners of Van Buren, Berrien, and Cass counties, but the names of the other commissioners had been written thereon by Abner M. Moon, the commissioner of Cass county. This fact was known to the defendant Sill. These orders were a part of those involved in the litigation which has been before this court in *People* v. *McElheny,* 221 Mich. 50; *Nash* v. *Robinson,* 226 Mich. 146; *Maryland Casualty Co.* v. *Moon,* 231 Mich. 56; *National Bank of Paw Paw* v. *Nash,* 232 Mich. 380, and *First National Bank* v. *Moon,* 243 Mich. 124, and, by reason of the manner in which they were signed, were said to be void in the *Maryland Casualty Company Case.*

After Sill received the orders, he took them to the office of Coy W. Hendryx, an attorney in Cassopolis, and talked with him about them. Hendryx gave him a copy of a written opinion which he and the late T. J. Cavanaugh had signed, relative to the validity of orders issued in payment of the construction of this drain. It was dated February 5, 1920, eight months before these orders were drawn, and stated that in their opinion the purchasers of such orders would be protected "and any and all orders will be paid in full on or before March, 1921." Sill then

went to Marcellus and talked with the defendant Lowry, who was cashier of a State bank at that place, about the orders. Lowry called in the defendant Kinney, who was acquainted with plaintiff, and Kinney, by telephone, made an appointment with plaintiff to meet them. The three then drove to Lawton, where plaintiff lived, and made sale of the orders to him, for which he drew a check for $8,000, payable to Lowry, and delivered it to him. This check was cashed at Lowry's bank. Sill and Lowry each retained $320, $100 was paid to Kinney, and the balance to McElheny.

Claiming that he was induced to purchase the orders by the false and fraudulent representations of the defendants, plaintiff brought this action to recover the money so paid, less $508, received by him from the casualty company. He had verdict and judgment against the defendants Sill and Lowry. They seek review by writ of error.

Plaintiff testified that he had never before seen a drain order; that he thought the orders belonged to the bank of which Lowry was cashier; that the defendants said "the orders were all right, no question about that," and called his attention to the statement in the opinion that they would be paid in full on or before March, 1921. At the time of plaintiff's purchase, on December 23, 1920, no tax had been spread to pay these orders. This fact was known to the defendant Lowry. In his instructions to the jury the trial court said:

"Defendants cannot be held liable unless the representations were made by them with the intent to defraud and deceive the plaintiff. In other words, it is necessary for the plaintiff to prove defendants made representations with knowledge of their falsity, and that they intended to deceive and defraud him."

This instruction was certainly as favorable to the defendants as they were entitled to, and was justified by the testimony of the plaintiff above referred to. There was no error in the denial of defendants' motion for a directed verdict and in the submission of the case to the jury.

It is strongly urged on behalf of the defendants that they believed the orders were good, that they were fortified in this belief by the opinion of the attorneys, and that plaintiff relied upon this opinion, and not upon what they said to him about the orders. But the statement in the opinion that the orders would be paid on or before March, 1921, was certainly based on the assumption that a tax to pay· them would be spread upon the 1920 tax roll. No such statement would have been made by these attorneys in December, 1920, without knowledge of that fact, and Lowry knew at the time plaintiff purchased that no such tax had been spread.

Counsel rely upon the holding in *Krause* v. *Cook,* 144 Mich. 365, in which it was held to be error to refuse the following request:

"If a person received information from others and believes it, repeats it, explaining that he has no personal knowledge, he is not guilty of fraud."

There can be no criticism of this statement of the law. But we do not think it applicable to the facts here presented. Had appellants taken these orders to the attorneys and secured a written opinion from them as to their validity and the time they would be paid, and stated that they had no personal knowledge concerning them, a different question would be presented. But Sill is chargeable with knowledge that the orders had been unlawfully issued by Moon, and Lowry with knowledge that the representation

in the opinion that they would be paid in March, 1921, was untrue. It cannot be said as a matter of law that there was no evidence of guilty knowledge and of intent to deceive on their part.

It is strongly urged that the verdict is against the great weight of the evidence, and that a new trial should have been granted for this reason. In denying it, the trial court filed an opinion in which he reviewed the testimony at length. We have read the record with care, and cannot avoid reaching the conclusion that plaintiff purchased these orders in reliance upon representations made to him by defendants which were false in fact and known by the defendants to be so.

The other assignments have been considered. They present no reversible error. The case was fairly tried. A question for the jury was squarely presented, and the verdict reached should not be disturbed.

The judgment is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred. The late Justice FELLOWS took no part in this decision.