FIDELITY & DEPOSIT CO. OF MARYLAND *v.* HARTSHORN.

1. COURTS—CONSTRUCTION OF OPINIONS—LIABILITY OF SURETIES ON TRUSTEE'S BONDS.

Opinion of Supreme Court on appeal in action by probate judge, for use and benefit of a *cestui que trust,* against trustee and his original and substitute sureties, wherein action of trial court in holding liable substitute surety only because default occurred during period of substitute bond was affirmed and statement made that ''the plaintiff not having assigned error, the question of concurrent liability (of the sureties) is not before us for consideration'' was, in effect, a determination that the original surety had been improperly joined, that the two sureties were not cosureties, and that substitute surety alone was liable under the circumstances.

2. PRINCIPAL AND SURETY—ORIGINAL AND SUBSTITUTE SURETIES—DEFECTIVE RELEASE—DEFAULT.

Even if the release of an original surety on trustee's bond given in probate court for faithful performance of his duties is defective, the substitute surety who has given a bond for the full amount of liability may not avail itself of such defective release against the other surety when the default occurred after the substitute bond was given.

3. CONTRIBUTION—OBLIGEE'S VOLUNTARY DISMISSAL.

Rule that a party may be liable for contribution, even where the obligee has voluntarily dismissed him from a suit originally brought against all the obligors, presupposes that a right of contribution exists.

4. SAME—BASIS.

Contribution, which implies participation in bearing a common burden, cannot be invoked when the burden has been found to be not a common one, but to rest entirely on one obligor.

Appeal from Wayne; Keidan (Harry B.), J. Submitted January 5, 1939. (Docket No. 46, Calendar No. 40,338.) Decided April 25, 1939.

Assumpsit by Fidelity & Deposit Company of Maryland, a Maryland corporation, against Harry H. Hartshorn for contribution. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Mark L. Rowley,* for plaintiff.

*Arthur J. Adams,* for defendant.

Butzel, C. J. The facts leading to the present suit are set forth in *Smith* v. *McCluskey,* 254 Mich. 145. Defendant Harry H. Hartshorn had been one of two personal sureties on a bond given by C. E. McCluskey, as testamentary trustee, for the use and benefit of Arthur A. Hartshorn. As set forth in the opinion in the former case, Harry Hartshorn asked to be relieved from this obligation and McCluskey, on July 12, 1927, filed a new bond with the Fidelity & Deposit Company of Maryland as surety. McCluskey subsequently defaulted, and suit was brought by the probate judge for the benefit of Arthur A. Hartshorn against McCluskey and Fidelity & Deposit Company of Maryland. The trial court held that the second bond was a ''substituted bond; the sureties on the former bond were released except for liability on account of defaults of the trustee committed prior to the approval of the second bond by the probate court; and the surety on the second bond is liable for all defaults of the trustee occurring after the approval of such bond by the court,'' and he rendered a judgment solely against the Fidelity & Deposit Company. Fidelity & Deposit Company appealed, assigning as one of the grounds of error that if the plaintiff were entitled to judgment, it should have been against both itself and Harry H. Hartshorn, on the theory that

both bonds were in force at the time of the default and the sureties were concurrently liable. In *Smith* v. *McCluskey, supra,* we affirmed the judgment of the trial judge and set forth in our opinion the above-quoted findings.

Fidelity & Deposit Company paid the judgment against it and brought this suit for contribution against Harry H. Hartshorn on the theory that the first bond had not been discharged and that Hartshorn was consequently liable for a proportionate share of the judgment. Hartshorn claimed that the question of his concurrent liability was *res judicata* and that the decisions of the trial court and of this court in *Smith* v. *McCluskey, supra,* conclusively determined that Fidelity & Deposit Company was solely liable for the trustee's default. The trial court stated that he would have adopted this latter contention, and held appellee precluded from bringing this suit, were it not for the following language at the end of our opinion in *Smith* v. *McCluskey, supra.*

"The probate judge testified that he informed Harry H. Hartshorn, one of the sureties on the first bond, that 'automatically we considered the discharge of the bond as soon as the new bond was filed.' It is urged that he was in error in doing so; that the statutory requirement as to notice had not been complied with. 3 Comp. Laws 1929, § 15880 (Stat. Ann. § 27.3059); *Rice* v. *Wilson,* 129 Mich. 520. While the action was against McCluskey and the sureties on both bonds, the judgment was entered against the Fidelity & Deposit Company alone. The plaintiff not having assigned error, the question of concurrent liability is not before us for consideration.

"The judgment is affirmed."

The trial judge interpreted this to leave open the question of Hartshorn's liability, and thereupon he found that the first bond had not been regularly discharged by a substitute bond and that Hartshorn was liable for contribution, not only in this case, but also on another bond given under identical circumstances for a different testamentary beneficiary in the same estate.

We do not think that our former opinion is susceptible of such interpretation. The trial court in that case found unmistakably that the second bond was a substitute bond and that the default of the trustee occurred during the period of such second bond. In effect, this was a determination that the plaintiff had misconceived his cause of action and had improperly joined Hartshorn as a party defendant because at the time of the default his suretyship relation had been terminated, and because at that time Fidelity & Deposit Company was alone assuring McCluskey's faithful performance of his duties. It was likewise implied that the two defendants, bound by different instruments, and for different periods of liability, were not cosureties. There was no misconception about the implications of this decision. Appellee correctly pointed out in its petition for rehearing of the original appeal that the holding of the lower court "renders the question *res judicata* and would bar a suit for contribution by appellant against the first surety."

By our affirmance we unqualifiedly approved the analysis of the trial court. This also was fully understood by appellee. It urged in the same petition for rehearing:

"Such holding, in the circuit, renders the matter *res judicata* and appellant, the party injured, duly assigned error on the point, and this court refused

to pass on it because the plaintiff did not assign error on it.''

The petition for rehearing was denied.

Under these circumstances, we can see no reason for allowing the question of Hartshorn's concurrent liability to be reopened. We do not think that there is anything in the final sentence of our former opinion leading to a different conclusion. If it gives any foundation for a result inconsistent with our actual holding, it must be regarded as unfortunate and unnecessary. Fortunately, however, as the briefs on rehearing show, the decision was not misunderstood by either of the parties. We cannot now approve appellee's contention which would largely nullify the effect of that decision.

Even assuming that the release of the first bond was defective so that the obligee might have held Hartshorn as in *Rice* v. *Wilson,* 129 Mich. 520, *First National Bank of Paw Paw* v. *Moon,* 243 Mich. 124, and similar cases cited by the trial court, these cases are not authority for allowing a surety who has given a substitute bond for the full amount of the liability to avail itself of such defective release against the other surety, when the default occurred after the substitute bond was given. *Lorimer* v. *Julius Knack Coal Co.,* 246 Mich. 214, 218 (64 A. L. R. 210), which is invoked by appellee, must also be held inapplicable here. While a party may be liable for contribution even where the obligee has voluntarily dismissed him from a suit originally brought against all the obligors, the rule presupposes that such right of contribution exists. Here it was determined with finality that Fidelity & Deposit Company was the single defendant against whom plaintiff could assert his claim. Contribution, which implies participation in bearing a common burden, cannot

be invoked when the burden has been found to be not a common one, but to rest entirely on one obligor.

The judgment of the lower court is reversed without a new trial, with costs to defendant.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McAllISTER, JJ., concurred.